Merrick, J.
This is an action to recover attorney’s fees for legal services provided by the plaintiff attorney to the defendant.
In June, 1993, the plaintiff forwarded an invoice for legal services in the amount of $15,660.00. After the parties’ unsuccessful efforts to resolve their dispute as to the amount owed, the plaintiff brought suit on February 17,1994 to recover attorney’s fees in the amount of $14,697.50. After trial in June, 1996, the court found that the amount owed by the defendant for legal fees, after both a deduction of duplicative charges and the application of a lower hourly rate for junior associates, was $10,702.00. The parties have not appealed that finding.
On May 11, 1995, more than a year before the trial, the defendant had served the plaintiff with an Offer of Judgment pursuant to Mass. R. Civ. R, Rule 68. The *62 Offer of Judgment was in the amount of $12,500.00 and, by its terms, “include[d] all interest and costs.” The plaintiff rejected the offer.
As the trial judge made no finding with respect to interest, the clerk entered judgment with interest from the entry date of the action. The defendant then filed a “Motion for Award of Attorney’s Fees and Costs Pursuant to Offer of Judgment under Mass. R. Civ. P. 68.” After hearing, the court allowed the motion, and awarded both $6,000.00 in attorney’s fees and $959.98 in “expenses” to the defendant. The plaintiff thereafter filed this Dist./Mun. Cts. R.A.D. A., Rule 8A appeal on the grounds that: (1) the only reason that the judgment in his favor was not “more favorable” than the Offer of Judgment was that the clerk erred in calculating interest from the entry date of the action rather than from the date of the plaintiff’s June, 1993 invoice, and (2) counsel fees are not, in any event, recoverable as “costs” under Rule 68.
1. Rule 68 of the Mass. R. Civ. P. provides, in pertinent part:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment exclusive of interest from the date of offer finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer... [emphasis supplied].
The parties have stipulated that the question of whether the judgment was more favorable to the plaintiff-offeree than the Offer of Judgment depends upon the date from which interest is calculated. If interest is calculated from the complaint entry date, as was done here by the clerk and affirmed by the trial judge in her allowance of the defendant’s Rule 68 motion, then the judgment was “not more favorable” to the plaintiff who is then liable for costs incurred after the Offer of Judgment. Alternatively, if interest is calculated from the earlier date of the plaintiff’s June, 1993 invoice, then the judgment was “more favorable” to the plaintiff with the result that the defendant is not entitled to a Rule 68 award and the plaintiff may recover costs.
Interest in contract actions is governed by G.L.c. 231, §6C, which states:
In all actions based on contractual obligations... interest shall be added by the clerk of the court to the amount of damages ... from the date of breach or demand, ft the date of the breach or demand is not established, interest shall be added by the clerk of the court... from the date of the commencement of the action...
Where the parties have not agreed upon which alternative computation of interest is applicable, the question is for the trial court Ward v. American Mutual Liab. Ins. Co., 15 Mass. App. Ct. 98, 101 (1983). The plaintiff contends that his June, 1993 invoice constituted a demand for G.L.c. 231, §6C purposes. The requirement of a “demand” is satisfied “if the party charged is informed ‘of the basis and extent of its obligation, as well as the fact that performance [is] then due.’” General Dynamics Corp. v. Federal Pacific Elec. Co., 20 Mass. App. Ct. 677, 687 (1985), citing Lexington v. Bedford, 378 Mass. 562, 576 (1979). Implicit in the trial judge’s allowance of the defendant’s Rule 68 motion was the ruling that a demand, so defined, was not established. Such decision could be reversed on appeal if, upon actual review of the invoice at issue, it was determined that "[t]here is nothing in the invoice to indicate that [it is] anything but [an] unequivocal demand for payment.” Id.
*63 The plaintiff herein failed, however, to include his June, 1993 invoice in the record on this appeal. This appeal was brought under the “expedited appeal” procedure of Dist./Mun. Cts. R. A. D. A., Rule 8A. Pursuant to Rule 8A, the “aggrieved party is ... required to include all of the necessary facts and documents in the Expedited Appeal itself which then constitutes the record on appeal [emphasis supplied].” Velasquez v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 85 n. 1. See also Scalia v. Liberty Mutual Ins. Co., 1995 Mass. App. Div. 69, 70-71. In the absence of the June, 1993 invoice, we are unable to review the trial judge’s determination of its insufficiency as a demand or, consequently, her ruling that the judgment was not more favorable to the plaintiff than the defendant's Offer of Judgment It was the plaintiffs obligation, as appellant, to demonstrate that the trial court’s ruling was in error. See First Penn. Mortg. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 621-622 (1985). He failed to do so.
2. The judge allowed $6,000.00 in attorney’s fees as part of the “costs” awarded to the defendant under Rule 68. Massachusetts follows, however, the “traditional ‘American Rule,’ which teaches that attorney’s fees are not ordinarily recoverable in the absence of statute, court rule, enforceable contract or stipulation providing therefor.” Bournewood Hospital, Inc. v. Massachusetts Comm’n Against Discrimination, 371 Mass. 303, 308 (1976). Rule 68 is not an exception to the American Rule.
While the plaintiff has advanced a number of Federal cases in which counsel fees were awarded under Rule 68, the claims in those cases were predicated on statutes or contracts providing for an award of such fees. The plaintiff has not cited, nor can we find, a single case in which an appellate court has interpreted “costs” in Fed. R. Civ. R, Rule 68, Mass. R. Civ. R, Rule 68, or the cognate rule of any other state to include attorney’s fees in the absence of a claim under a statute or contract which specifically authorizes counsel fees.
An analysis of Rule 68 itself supports the view that the term “costs” signifies only what that word has traditionally imported. If the procedure were designed to promote settlements by shifting counsel fees, the Rule would permit a plaintiff the same opportunity as the defendant to submit an Offer of Judgment Rather, the Rule seems limited to situations wherein the dispute is largely over damages; it permits a defendant to recover costs which, but for Rule 68 and an offer of judgment, would have instead been awarded to the plaintiff as part of the judgment in his favor. Finally, there is the simple fact that if the drafters of Rule 68 had intended to make so radical a departure from the American Rule, they would have plainly and expressly done so. The defendant may not, therefore, recover attorney’s fees under Rule 68.
3. There remains an issue of what costs may be assessed. The trial judge awarded the full amount of the “expenses” requested by the defendant in its Rule 68 motion. The “expenses” submitted, however, included some items which are properly taxed as costs and others which are not. See generally, G.L.c. 261, §1 et. seq. and Mass. R. Civ. R, Rule 54(d) and (e). See also Waldman v. American Honda Motor Co., 413 Mass 320 (1992). Costs are to be taxed by the clerk, and may be reviewed by the court only if necessary and upon motion within 5 days. Mass. R. Civ. P. 54(d)
Accordingly, the court’s award of costs under Rule 68 is hereby vacated. The case is remanded for the taxation of costs by the trial court clerk. Neither party is to have the costs of this appeal.
So ordered.