Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 5, report of the denial of the plaintiff’s motion to dismiss the defendant’s appeal.
This action in negligence was commenced on September 23,1997 to recover for personal injuries sustained by the plaintiff when she allegedly tripped over an unattended stock cart in an aisle of the defendant’s supermarket. The trial judge found for the plaintiff, and assessed damages in the amount of $3,500.00. Judgment was entered on November 4,1998.
On November 16,1998, the defendant filed a timely notice of appeal to this Division. The defendant then allowed two months to elapse, however, before it designated a method of appeal by filing a late Dist./Mun. Cts. R. A. D. A., Rule 8C, notice on January 21,1999.
On January 25,1999, the plaintiff moved to dismiss the appeal on the basis of the defendant’s failure to submit its Rule 8C designation within the thirty day period prescribed by Rule 8C(b). A second judge (the “motion judge”) denied the plaintiffs dismissal motion on February 5,1999, and denied the plaintiffs motion for reconsideration on July 23,1999. On September 15,1999, the motion judge granted the plaintiffs Rule 5 request and reported his rulings to this Division. G.L.c. 231, §104.[1]
The District/Municipal Courts Rules for Appellate Division Appeal are neither complex, nor difficult to follow. Pursuant to Dist./Mun. Cts. R. A. D. A., Rules 3 and 4(a), an appeal is initiated by filing a notice of appeal and filing fee within ten days of the entry of judgment. Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49. The second step for the appellant is to select one of the three alternative methods of appeal set forth in Rule 8A (Expedited Appeal), Rule 8B (Agreed Statement) and Rule 8C (Appeal on the Record of Proceedings), and then prepare the record and otherwise perfect the appeal within the time period prescribed in the selected rule. Associated Chiropractic Serv., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 191 and cases cited. Having elected to proceed under Rule 8C, the defendant in this case was obligated by Rule 8C(b) to file a simple, single-page, two-sentence document captioned “Appeal on the Record of Proceedings”[2] within thirty *78 days of the filing of its notice of appeal. It is undisputed that the defendant failed to so designate its Rule 8C appeal within the required thirty days. It is equally clear that the defendant never filed a Rule 14(b) motion to enlarge that time period.
The presumptive penalty for the “serious misstep” of failing to file a timely Rule 8C designation is dismissal of the appeal. See generally Vyskocil v. Vyskocil, 376 Mass. 137, 139-140 (1978); Reiter Oldsmobile, Inc. v. General Motors Corp., 6 Mass. App. Ct. 637, 640 (1978). A dismissal for non-compliance with any appellate rule may be ordered by the trial court or the Appellate Division,[3] Associated Chiropractic Serv., Inc. v. Traveler’s Ins. Co., supra at 190-191, either sua sponte or upon motion by the appellee. Even when presented with a motion to dismiss an appeal, a trial court may be authorized, in the exercise of its discretion, Giacobbe v. First Coolidge Corp., 367 Mass. 309, 315-316 (1975), to allow a Rule 14(b) extension of time. Rule 14(b) relief may be granted, however, only upon a demonstration by the appellant of “good cause” for his procedural non-compliance. Marino v. Kandris, 1997 Mass. App. Div. 129, 130; Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136. The rules do not permit purely “routine” extensions of time, Westinghouse Elec. Supply Co. v. Healy Corp., 5 Mass. App. Ct. 43, 51 n.13 (1977), and no party is automatically entitled to Rule 14(b) relief. Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 95. Thus while a lack of prejudice to the appellee and the relative merits of the appeal are factors to be considered, Maciuca v. Papit, 31 Mass. App. Ct. 540, 546 (1991), the preliminary focus must be on the “good cause” advanced by the appellant for his procedural error or noncompliance.
“Good cause” under Rule 14(b) is the practical equivalent of “excusable neglect,” Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989), which “calls for unique or extraordinary circumstances.” Mailer v. Mailer, 387 Mass. 401, 406 (1982). The explanation offered by the defendant in the instant case for the late filing of its Rule 8C designation was that it was simply waiting for the trial court clerk to send the appropriate form for requesting cassette copies of the trial tape.[4]The defendant does not offer any explanation as to exactly when, in what manner or how often it requested the form, or if it made any effort during the two months in question to pick up the form at the clerk’s office of the trial court or any other district court. While Rule 8C(a) requires that a cassette request be submitted on the correct form, the uniform order form in question is used on a daily basis and is readily available in every clerk’s office in every district court throughout the Commonwealth. “[T]he responsibility for expediting appeals is squarely on the appellant,” McCarthy v. O’Connor, 398 Mass. 193, 199 (1986). See also Patten v. Mayo, 23 Mass. App. Ct. 657, 658-659 (1987). The defendant’s failure to discharge that responsibility could not be excused on the basis of a clerk’s purported failure to act more expeditiously in delivering a form which the defendant could have easily, directly and promptly obtained.[5]
*79 In short, the defendant’s ordinary inadvertence or oversight[6] did not constitute good cause for granting Rule 14(b) relief for the defendant’s failure to file a timely appeal designation in compliance with Rule 8C(b). The plaintiffs motion to dismiss should have been allowed.
2. With limited exceptions not here relevant,[7] a litigant is required to pay his own attorney’s fees in the absence of a statute, enforceable contract, or rule of damages which provides for their award. The Judge Rotenberg Educa. Ctr., Inc. v. Commissioner of Dept. of Mental Retardation, 424 Mass. 430, 468 (1997); Shorr v. Professional Photog. of America, Inc., 1997 Mass. App. Div. 61, 63. The plaintiffs motion for attorney’s fees is denied.
Accordingly, the denial of the plaintiffs motion to dismiss the appeal is reversed, and the defendant’s Rule 8C appeal is hereby dismissed. The plaintiffs request for attorney’s fees is denied. No costs shall be assessed under Dist./Mun. Cts. R. A. D. A., Rule 26.
So ordered.

 See generally, as to a judge’s voluntary report of questions of law, including interlocutory rulings, Goldman v. Peterson, 1997 Mass. App. Div. 189 n.2; Price-Hanson v. Pare, 1997 Mass. App. Div. 101.

 The document requires two sentences only. The first sentence states that the appellant is proceeding under Rule 8C. The second sentence is a request for cassette copies of the trial tape. In the event that that request was already included in the notice of appeal, the second sentence simply states that cassettes were already ordered.

 Where, as in this case, an appeal has not yet been transferred to the Appellate Division, the appropriate place for filing a motion to dismiss, or a Rule 14(b) enlargement of time to avoid a dismissal, is the trial court. See Commentary to Dist./Mun. Cts. R. A. D. A., Rule 14.

 The clerk was under no obligation to mail forms to the defendant. In any event, “[i]t does not follow ... that a finding of excusable neglect is automatically warranted whenever an appellant can produce some evidence of error by a clerk’s ... office.” Hawkins v. Hawkins, 397 Mass. 401, 408 (1986).

 See Maciuca v. Papit, supra, at 546 n.5, where it was held that the unavailability of the trial tape itself, not just the tape order form, did not alone constitute excusable neglect for the appellants failure to perfect the appeal in a timely manner.

 Defendant’s counsel conceded at oral argument that his predecessor had been simply confused by the rules. “The concept of excusable neglect does not embrace a flat mistake of counsel about the meaning of a statute or rule; or other ‘garden-variety oversight.’” Mailer v. Mailer, supra at 406, quoting from Goldstein v. Barron, 382 Mass. 181, 186 (1980).

 See, e.g., Rubinstein v. Royal Ins. Co., 429 Mass. 355, 357-360 (1999); Police Comm’r of Boston v. Gows, 429 Mass. 14, 17-19 (1999); Preferred Mut. Ins. Co. v. Gamache, 426 Mass. 93, 97-98 (1997).