Coven, J.
Ibis is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal by Frank D’Annunzio (“D’Annunzio”) of the trial courts judgment in two consolidated actions involving the occupancy of commercial premises by Ciao Napoli, Inc., a corporation of which D’Annunzio is the principal stockholder and officer.[2] D’Annunzio’s serious procedural missteps in perfecting this appeal preclude any effective appellate consideration of the issues D’Annunzio has sought to raise. The appeal must be dismissed.
Neither party has contested the trial judge’s findings that Leonard J. Samia (“Samia”), as Trustee of 149-155 Main Street Realty Trust, served as the landlord for commercial premises occupied by Ciao Napoli, Inc. (“Ciao”), a restaurant and delicatessen operated by D’Annunzio. An initial civil action (Marlborough Division No. 9921-CV-0344) was filed by Ciao to recover lost profits allegedly caused by Sarnia’s failure to provide air conditioning, which was apparently required by what passed for the parties’ occupancy agreement Because D’Annunzio had withheld rent while the air conditioning problems persisted, Samia filed a summary process action (Marlborough Division No. 9921-CV-0482) against D’Annunzio, d/b/a Ciao Napoli Restaurant, to recover both possession and unpaid rent, as well as certain unpaid electricity charges.
The actions were consolidated by agreement of the parties, and treated by them and the court as merged. After trial, the court found that Sarnia’s failure to provide air conditioning services amounted to a “partial constructive eviction,” and awarded possession of the premises to D’Annunzio.[3] No damages, however, were assessed against Samia on D’Annunzio’s claim for lost profits. The court also awarded damages to Samia for unpaid rent in the amount of $10,506.24 and for electricity that D’Annunzio had used on a meter for which Samia was responsible in the amount of $5,071.81.
Judgment was entered on February 2, 2000. On February 14, 2000, D’Annunzio filed both a notice of appeal and a Mass. R Civ. E, Rule 59(e), motion to amend the judgment by reducing the amount of damages assessed against D’Annunzio for *32 unpaid electricity charges. Pursuant to Dist/Mun. Cts. R. A D. A, Rule 4(a),[4] D’Annunzio’s notice of appeal, filed prior to the disposition of his Rule 59 motion, was a nullity. BNA Vehicle Leasing, Inc. v. Rothman, 1997 Mass. App. Div. 23, 24. See also Selby Assoc. v. Boston Redevelop. Auth., 27 Mass. App. Ct. 1188, 1189 (1989).
D’Annunzio’s motion to amend was denied in open court on Thursday, April 6, 2000, and the Rule 4(a) ten day period for filing a notice of appeal expired on Monday, April 17, 2000. D’Annunzio did not file a notice of appeal, however, until April -18,2000. Nor did he seek a Rule 4(c) extension for late filing. The sole issue raised by D’Annunzio’s untimely notice of appeal was the denial of his Rule 59 motion to amend judgment to reduce the damages for unpaid electricity.
D’Annunzio did file a timely designation of a Rule 8C method of appeal, and thereafter properly filed six copies of that designation within thirty days of submitting the original of the transcript to the trial court See Rule 8C(g). D’Annunzio then failed, however, to file and serve an appendix with his brief as required by Rule 18(a) and this Division’s Rule 10 notice. He did not in fact provide any appendix until almost a month after Samia filed his appellee’s brief.[5] In a subsequent Rule 14(b) motion, the only ground set forth by D’Annunzio to permit the late filing of the appendix was his misunderstanding as to applicable procedural rules.
1. D’Annunzio’s failure to file a timely notice of appeal within the ten day period prescribed by Rule 4(a) was a serious misstep requiring the dismissal of this appeal[6] Plavin v. Lutts, 2000 Mass. App. Div. 58, 59; Miller v. Scannell, 1997 Mass. App. Div. 166, 167. D’Annunzio could have remedied his late filing by motion upon a showing of either “excusable neglect” under Rule 4(c) or “good cause” under Rule 14(b). See Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136; Marino v. Kandris, 1997 Mass. App. Div. 129, 130. No such motion was submitted, nor is there anything in the record to explain or excuse D’Annunzio’s non-compliance with Rule 4(a).
2. Similarly, D’Annunzio has advanced no ground cognizable under Rule 14(b) to permit his late fling of the appendix. Like “excusable neglect,” the concept of “good cause” under Rule 14(b) calls for “unique or extraordinary circumstances,” Maciuca v. Papit, 31 Mass. App. Ct. 540, 546 (1991), quoting from Hawkins v. Hawkins, 397 Mass. 401, 408 (1986), transcending simple inadvertence or other “garden variely oversight” Mailer v. Mailer, 387 Mass. 401, 406 (1982). Unfamiliaritywith, or inattention to, governing rules of court does not constitute good cause for Rule 14(b) relief Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 79 n. 6, citing Goldstein v. Barron, 382 Mass. 181, 186 (1980).
3. Even if D’Annunzio had offered some reasonable justification for his delay in preparing and filing an appendix, the appendix he ultimately submitted is fatally incomplete. *33 Although the thrust of D’Annunzio’s arguments on appeal is that the trial judge ignored critical evidence in his favor, die appendix does not include a complete transcript, all relevant exhibits or even selected portions of die trial record which would tend to substantiate D’Annunzio’s assertions. The appendix instead consists of a few, very brief and inconclusive portions of the direct and crossexamination of D’Annunzio himself selected questions to two unidentified witnesses named Flourde and Abeyta, and three exhibits which, as indicated below, are irrelevant We emphasize that “[i]t is the appellants responsibility to have the transcript prepared, and to include in the appendix an ¿ccurate and complete trial record upon which the issues presented on appeal may be satisfactorily reviewed.” Harvard University v. Goldstein, 1999 Mass. App. Div. 67, 68, citing Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992).
Illustrative ofD’Annunzio’s Mure to discharge that duty is the absence of anything in the record germane to his contention that the trial judge incorrectly calculated the damages awarded to Samia for unpaid electricity charges. Sarnia’s claim apparently stemmed from the discovery in February, 1999 that the meter which provided electricity to the common areas of the building (common area interior and outside lighting, fire alarm systems, etc.) and was charged to Samia as landlord, had for the preceding 29 months also furnished electricity to the restaurant and kitchen operated by D’Annunzio. The trial judge found that because of the accidental cross-metering, D’Annunzio had received and not paid for $174.89 worth of electricity per month for the 29 month period, and owed Samia a total of $5,071.81 for the same. D’Annunzio argues on this appeal that “the judge Med to acknowledge, although it was clearly in evidence at the trial, that the defendant D’Annunzio had continued paying his normal monthly electric costs of $74.76 for those 29 months for a total of $2,168.04,” and that the latter figure should have been deducted from file $5,071.81 in damages assessed by the trial judge. Fust; the three electric bills which constitute the only exhibits included in the appendix and upon which D’Annunzio relies, are for the months ending March, April and June, 1999. They are thus irrelevant to the 29 months preceding February, 1999, the period of time in question. Second, the appendix prepared by D’Annunzio is utterly devoid of any evidence that D’Annunzio paid $74.76 per month for electricity prior to February, 1999.
In any event, D’Annunzio’s monthly payment of electricity charges billed to him is, as Samia points out, immaterial. Sarnia’s claim and the trial judge’s award were for additional electrical services, on a different meter, which D’Annunzio received and for which he was never billed, which were instead charged to Samia and for which Samia made payment D’Annunzio’s motion to amend judgment was addressed to the trial judge’s discretion, Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 316 (1981); Molloy v. Massachusetts Mortg. Corp., 1998 Mass. App. Div. 3, 5, and there is nothing in the record prepared by D’Annunzio evidencing any abuse of that discretion in the judge’s denial of D’Annunzio’s motion.[7]
Appeal dismissed.
So ordered.

 The trial judge found that there was considerable confusion about the identity and roles of the parties herein, and determined that D’Annunzio should he treated as the tenant and real party in interest Despite the obvious feet that the corporation, Ciao Napoli, Inc., was a legal entity separate and distinct from D’Annunzio, neither party has appealed the trial court’s pragmatic approach.

 Neither party has appealed the courts finding of a “partial constructive eviction” or its judgment for D’Annunzio for possession.

 Rule 4(a) provides, in pertinent part “If a postjudgment motion ... is timely served or filed in the trial court... by any party ... (2) under Ride 59 to alter or amend judgment;... the ten-day time for appeal for áll parties shall run from the entry of the order ... granting or denying such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.”

 Rule 18(c) of the Mass. R. App. R pertaining to appeals of civil cases to the Supreme Judicial Court and Appeals Court permits an appellant to defer preparation of the appendix until after briefs are filed. The appellant may do so, however, only “with leave of the appellate court or a single justice.” There is no comparable provision in Rule 18 of the Dist/Mun. Cts. Rules for Appellate Division Appeal.

 There is also a question as to whether D’Annunzio satisfied the second prerequisite to the proper commencement of an appeal to this Division; namely, the timely payment of the $100.00 filing fee required by Rules 3(a) and 4(a). The docket does not reflect such a payment

 Similarly, D’Annunzio has alleged error in the trial judge’s refusal to award him damages for “partial constructive eviction.” Even assuming damages were recoverable for a “partial constructive eviction” where the tenant remained in possession, D'Annunzio's brief does not identify the nature or amount of the damages he sought He did set forth various monthly figures for lost profits in his request number 14 at the close of trial, upon which the trial judge properly declined to rule on the grounds that the request sought a finding of fact Mass. R. Civ. E, Rule 52(c). See generally Cambridge Chamber of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29. There is nothing in the appendix which indicates what evidence of lost profits or other actual damages, if any, was offered at trial