Greco, J.
This is a summary process action to recover possession of an airplane hangar at Hanscom Field in Bedford, MA which plaintiff Signature Flight Support Corp. (“Signature”) had sublet to defendant Global NAPs Realty, Inc. (“Global”). Judgment was entered for Signature for possession of the hangar, attorney’s fees and costs.
*25 Global appealed on a charge of error in the trial court’s rejection of its defense that it was entitled to retain possession based on its proper exercise of a right it claimed was afforded by the sublease to extend the original term for an indefinite number of successive one-year terms. Global has effectively forfeited appellate review of this substantive issue, however, by failing to perfect its appeal in compliance with Dist./Mun. Cts. R. A. D. A., Rule 8C, mandates.
The procedural chronology relevant to Global’s unavailing appellate efforts begins with the entry of judgment for Signature on August 6, 2003. Global filed a notice of appeal on August 12, 2003. While the notice of appeal incorrectly sought review by the Superior Court rather than this Appellate Division, the notice was timely filed within the ten day period prescribed by Dist./Mun. Cts. R. A. D. A., Rule 4(a). However, after seasonably commencing its appeal and after posting the appeal bond ordered by the trial court on August 19, 2003, Global simply took no further action. On December 31, 2003, Signature moved to dismiss the appeal for Global’s failure to select and perfect one of the three alternative methods of appeal set forth in Rules 8A, 8B and 8C of the Dist./Mun. Cts. R. A. D. A.
At the hearing held on January 16, 2004,[1] the trial judge stated that Signature’s motion to dismiss Global’s appeal for lack of prosecution was a matter to be decided by the Appellate Division rather than a trial court. He declined to take any action.[2] In response to Signature’s complaint that the appeal was not yet in a posture for transmittal to the Appellate Division, the trial judge indicated that Global should file by January 20,2004 whatever was necessary to bring the matter before the Appellate Division even though such filing would not be timely. In argument irrelevant to Signature’s motion, Global raised the issue that its own notice of appeal incorrectly sought Superior Court review. Global did not contend, however, that the error was the result of “excusable neglect.” Nor did Global ever respond to Signature’s motion by offering any explanation for its failure to select a method of appeal, or by requesting additional time to do so.
Global continued to evade the issue. Instead of selecting a method of appeal by January 20, 2004, Global submitted both a Rule 14(b) motion to enlarge the time for filing a notice of appeal and a new notice of appeal seeking Appellate Division review. The motion contained merely conclusory assertions of “excusable neglect” and “good cause.” More significantly, the motion omitted any reference to the procedural omission which prevented any appeal progress; namely, Global’s failure to select a method of appeal. Signature responded with an opposition to any time extension and a renewed motion for an appeal bond increase.
The motions were heard by a second trial court judge on February 6,2004. Global’s counsel argued, incorrectly, that the trial judge had advised him to seek additional time to file a new notice of appeal, that such a new notice was necessary to trigger the remaining procedural steps prescribed by the Appellate Division Rules, that only a new notice would get the appeal back on track, and that Signature had not been prejudiced by any delay. At no time, however, did Global’s counsel offer any justification for his failure to direct the first notice of appeal to the right court, to take appropriate and timely action Rule 8A, 8B or 8C, to seek additional time to *26 take such action late or, for that matter, to move more expeditiously for leave to file the new notice of appeal he insisted was required. In its argument, Signature emphasized the inordinate delay to that date in Global’s prosecution of its appeal and reiterated that the sole cause of that delay was not the content of Global’s notice of appeal, but its failure to take any action after filing that notice. In an effort merely to move the appeal forward to the Appellate Division, the motion judge permitted Global to file an “appeal on the record of proceedings” within 10 days of the hearing to designate its choice of a Rule 8C method of appeal. The judge made no finding, however, of either excusable neglect for Global’s undue delay in taking that step, or of good cause for any extension of time to do so. Global offered none. The judge in fact denied Global’s motion to enlarge the time for a new notice of appeal. When Signature’s counsel repeatedly stated that he was reserving his client’s right to seek dismissal of Global’s appeal in the Appellate Division, the judge responded that appeal dismissal was an issue for the Appellate Division to resolve.
1. It is clear from the record of the trial court hearings that the merits of Signature’s motion to dismiss this appeal have never been addressed. Signature was free, therefore, to argue the motion anew before this Division.
We note, as a preliminary matter, that Signature’s motion could have been decided in the trial court. It is settled that a trial court judge has the inherent authority to dismiss an appeal for noncompliance with the dictates of procedural rules. See Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991). As the Appeals Court has unequivocally stated, a trial court judge has the “power on his own to order ... [the] dismissal” of an appeal where the appeal “ha[sj not yet been transmitted to the Appellate Division.” Crystal Construction Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002), citing with express approval Associated Chiropractic Services, Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 190-191. The reluctance of some trial court judges to exercise this power may stem from a concern that they would be encroaching on another court’s domain or might be perceived as thwarting appellate review of their own rulings. Such concerns are outweighed by more compelling considerations. A trial judge’s adjudication of motions to dismiss appeals is “necessary to promote the finality of judgments.... ‘Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.’” Id. at 191, quoting Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). As the present case is a summary process action, the need to curtail a party’s unnecessary or intentional protraction of the appeal preparation process was critical. When a judge fails to act on a motion to dismiss a non-complying appeal,
an appellee would be compelled, despite having prevailed at trial, to take the initiative and seek dismissal in the Appellate Division — a potentially more onerous procedure than that available in the trial court. A trial court would be unable to rid its docket of appeals effectively abandoned by neglectful parties, and would be forced to ignore blatant disregard of appellate rules in active cases. Appeals would inevitably reach ... [the Appellate] Division in improper form. Finally, [the Appellate Division] would be left to address procedural issues without the benefit of the trial court’s input on the circumstances relevant to any alleged failure to comply with the rules.
Associated Chiropractic Services, Inc. v. Travelers Ins. Co., supra at 191. Where a motion to dismiss an appeal is allowed, the appellant retains the right to seek Appellate Division review of that ruling. See Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 92-93.
2. Turning to the merits of Signature’s motion to dismiss this appeal, it is clear *27 that Global failed to comply with the requirements of Rule 8C.
Global’s August 12, 2003 notice of appeal was, as indicated, timely filed. While the language of the notice requesting appellate review by the Superior Court instead of the Appellate Division was undeniably incorrect,[3] the gravamen of Signature’s objections to Global’s dilatory conduct was never the language of Global’s notice. The basis for Signature’s dismissal motion was Global’s continuing failure for more than five months after the notice of appeal to take any further action to advance the appeal. After filing its notice of appeal, Global was required “to select one of the three alternative methods of appeal set forth in Rule 8A..., Rule 8B ... and Rule 8C, and then prepare the record and otherwise perfect the appeal within the time period prescribed in the selected rule.” Rathman v. Begley, 2000 Mass. App. Div. 280, 283.[4] Global took no steps to proceed in any one of these procedural directions. Indeed, Global took no action of any kind until after the first hearing on Signature’s motion to dismiss and only when ordered to do so by the court. Even then, Global elected to delay the process further by seeking additional time to do nothing more than return to the starting gate with a corrected notice of appeal. That approach would have accomplished little more than the expungement of five months of unexplained and unjustified delay by Global. It also warrants an inference that Global’s actual goal was not appellate review, but additional time to remain on the premises despite the order for eviction. The “appeal on the record of proceedings” designating a Rule 8C appeal, which Global was ultimately ordered to file on February 17, 2004, should have been submitted 30 days after the notice of appeal. Dist./Mun. Cts. R. A. D. A., Rule 8C(b). It was filed 159 days late.[5]
Upon a showing of “good cause,” a party may obtain by a Rule 14(b) motion an extension of time to select a method of appeal. Good cause has been deemed “the functional equivalent of ‘excusable neglect,’ which contemplates ‘unique or *28 extraordinary’ circumstances transcending simple inadvertence or oversight” Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 83. “Unfamiliarity with, or inattention to, governing rules of court does not constitute good cause for Rule 14(b) relief.” Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32. See also Goldstein v. Barron, 382 Mass. 181, 186 (1980). The only assertion made by Global which even remotely approached an explanation for its continuing delay was its mistaken assumption, as indicated in its notice of appeal, that the proper avenue for appeals in District Court summary process actions was to the Superior Court. Such assertion does not rise to the level of “good cause” for Rule 14(b) relief.
“[T]he failure to file a timely appeal on the record of proceedings is a serious procedural misstep, the ‘presumptive penalt/ for which is dismissal of the appeal.” Godfrey v. Woburn Foreign Motors, supra at 83, citing Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 78. The penalty is appropriate in this case.
Accordingly, Signature’s motion to dismiss Global’s appeal is allowed, and this appeal is dismissed.
So ordered.

 No transcript of the trial court motion hearings held on January 16, 2004 and February 6,2004 has been provided by the parties. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 18(b), we have reviewed the tape recordings of those proceedings.

 The judge also deferred any decision on Signature’s request for alternative relief in the form of an increase in the amount of the appeal bond. Signature requested the increase to cover the loss of additional rent that would have been paid by a new sub-tenant had Signature regained possession of the hangar and revenue from sales of airplane fuel which Global was no longer purchasing. Signature obtained a bond increase on February 6,2004.

 As the appellate route in summary process cases in Middlesex County has been to the Appellate Division rather than the Superior court since 1996, see St. 1996, c. 358, no justification for Global’s notice of appeal error is readily apparent. Other than a perfunctory general assertion of “excusable neglect” in its January 20, 2004 motion, Global has never offered one.

 More specifically, Global was required to file either a Rule 8A expedited appeal within 20 days of filing its notice of appeal; or a Rule 8B agreed statement of the case within 20 days of the notice of appeal or termination of an expedited appeal; or a Rule 8C appeal on the record of proceedings within 30 days of the notice of appeal or the termination of procedures under either Rule 8A or Rule 8B.

 Contrary to confused arguments made at various points throughout the post-judgment proceedings in this case, Global’s Rule 8C designation would not have been considered timely even if it had been filed within 180 days of judgment. First, the “180 day” rule applies only to a notice of appeal and defines the outside limit on any extension of time a court may grant for filing a notice of appeal. Rules 4(c), 14(b) of the Dist./Mun. Cts. R. A. D. A. See Oyegbola v. DeSimone, supra at 95. The rule does not apply to extensions of time for an “appeal on the record of proceedings” or for any other filing subsequent to the notice of appeal. Second, Global’s Rule 8C designation was actually filed 185 days after judgment and would have been outside the 180 day rule even if the rule had been applicable. Third, the “180 day” rule does not necessitate any inquiry into whether the court properly granted an extension of time for Global to file its Rule 8C designation five months late. Global never sought such an extension of time. The motion judge never ruled on the question of “good cause” and never granted a Rule 8C extension.