Merrick, J.
The defendant, Robert Mosher (“Mosher”), has appealed the dismissal of his appeal for failure to file timely a designation of “Appeal on the Record of Proceedings” under Dist/Mun. Cts. R A. D. A, Rule 8C. We recite the facts as they may be gleaned from the record because the demonstrated pattern of disregard and delay by Mosher all during and even before this litigation is very relevant to our decision.
The plaintiffs, Eric and Cheryl Soderlund (“Soderlunds”), entered into a written contract on May 15, 2002 with the defendant, Franklin Building Corporation (“Franklin Building”), through Mosher, its president and principal, to repair the roof of their home. The Soderlunds paid the full price of $13,095.00 as provided in the contract, which also included a five-year warranty for the work. During the first winter following the work, the roof leaked, causing water damage to the interior of the home. The leak and water damage worsened over time, and in February of 2006, after having the roof inspected by another contractor, the Soderlunds telephoned Mosher to request that he examine the problem.
After several calls, Mosher finally responded, inspected the roof, and promised to return in the spring. In May of that year, Mosher failed to appear at a scheduled inspection, but then did appear on another date, again promising to make repairs. Mosher failed to return or arrange any repairs, however. During June, July, and August, Mosher failed to respond to numerous telephone calls until the Soderlunds left a message threatening legal action. Mosher then called the Soderlunds on September 1st, and said he would be over the next week. Again, he did not appear. The Soderlunds have an estimate of $6,555.00 to repair the roof, and paid $5,815.00 to repair interior water damage from the leak.
On November 28, 2006, the Soderlunds sent Mosher a demand under G.L.c. 93A, §9, reciting the foregoing. Mosher never replied to the c. 93A letter.
On January 29, 2007, the Soderlunds filed this action. Separate summonses and complaints were served on Franklin Building, as the corporate defendant, and Mosher individually on February 24, 2007. Neither an answer nor a suggestion of *33 bankruptcy[3] was filed for either defendant Following appropriate motions, a default judgment was entered on May 21,2007. Executions were issued against both defendants on June 1,2007. An execution against Mosher individually was served on him on July 19, 2007. A motion under Mass. R Civ. E, Rule 60 to vacate the judgment against him was filed by Mosher on October 24,2007, and denied by the trial judge on December 2,2007.[4]
Mosher filed an appeal from that denial on February 7, 2008. He next filed an “Appeal on the Record of Proceedings” under Dist./Mun. Cts. R A. D. A., Rule 8C on April 14,2008. The Soderlunds’ motion to dismiss the appeal because of Mosher’s failure to file timely an “Appeal on the Record of Proceedings” was allowed on May 23,2008, and Mosher has appealed the dismissal of his appeal.
Although Mosher’s notice of appeal of May 30,2008 and the designation of “Notice of [sic] the Record of Proceedings” under Dist./Mun. Cts. R A. D. A., Rule 8C, as well as the briefs of both parties, purport to address the merits of the denial of the rule 60 motion, only the dismissal of the original appeal is properly before us. The entire text of Mosheris appellate brief on the subject of the dismissal of his appeal is:
Defendant also submits that the failure to file the “Appeal on the Record of Proceedings” was a non-prejudicial oversight at best with no substantive impact on the rights of any of the litigants and that the appeal should have been allowed to go forward. The Trial Court’s dismissal was unwarranted and wrong as a matter of law.
Mosher’s “arguments [regarding the dismissal of his appeal] are bald assertions of error, lacking legal argument and authority, and thus not advanced in a manner which rises to the level of appellate argument.” Zora v. State Ethics Comm’n, 415 Mass. 640, 642 n.3 (1993). See Pagliarulo v. Arbella Mut. Ins. Co., 2008 Mass. App. Div. 77, 82, citing Adoption of Kimberly, 414 Mass. 526, 536-537 (1993). The Soderlunds’ brief does not address the issue at all.
The rule for an “8C appeal” requires that, within 30 days after the notice of appeal, the appellant serve and file an “Appeal on the Record of Proceedings,” including a statement that the electronic recording of the trial proceedings has been or is being ordered from the clerk. Dist/Mum Cts. R. A. D. A., Rule 8C(b).[5] “The presumptive *34 penally for the ‘serious misstep’ of failing to file a timely Rule 8C designation is dismissal of the appeal.” Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. “A party’s potentially fatal error in failing to file a timely ‘appeal on the record of proceedings’ may be overcome if the court allows a Rule 14(b) motion to enlarge the time for filing the required Rule 8C designation.” Rocha v. Hanover Ins. Co., 2008 Mass. App. Div. 10, 11. Rule 14(b) relief may be granted, however, only upon a demonstration by the appellant of “good cause” for his procedural noncompliance. Marino v. Kandris, 1997 Mass. App. Div. 129, 130. “Good cause has been deemed ‘the functional equivalent of “excusable neglect,” which contemplates “unique or extraordinary” circumstances transcending simple inadvertence or oversight’” (citation omitted). Signature Flight Support Corp. v. Global NAPs Realty, Inc., 2005 Mass. App. Div. 24, 27-28. “Unfamiliarity with, or inattention to, governing rules of court does not constitute good cause for Rule 14(b) relief.” Id. at 28, quoting Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32.
Here, Mosher filed his “Appeal on the Record of Proceedings” after more than twice the time permitted without even bothering to file a motion to enlarge the time under rule 14(b). No “good cause” for the delay was even suggested. “[W]hile alack of prejudice to the appellee and the relative merits of the appeal are factors to be considered, the preliminary focus must be on the ‘good cause’ advanced by the appellant for his procedural error or noncompliance” (citation omitted). Georgantis, supra.
Finally, on the subject of “the relative merits of the appeal,” id., the only defense described by Mosher in his affidavit is his protection from liability for acts done by him on behalf of the corporation.[6] Nevertheless, “[i]t is settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions.” Community Bldrs., Inc. v. Indian Motocycle Assocs., Inc., 44 Mass. App. Ct. 537, 560 (1998). See Marshall v. Stratus Pharms., Inc., 51 Mass. App. Ct. 667, 677 (2001); Hoch v. Porrazzo, 2005 Mass. App. Div. 61, 62.
Dismissal of appeal affirmed.
So ordered.

 Bankruptcy had been filed for the corporate defendant before the suit was brought. Mosher had a conversation with plaintiffs’ counsel and informed him that the corporate defendant had filed bankruptcy. Plaintiffs’ counsel, by affidavit, denies he said anything to Mosher suggesting he did not have to answer individually. Mosher claims the contrary, although even his own affidavit states only his “belief” that the matter was resolved and “no further action was required.” We need not consider the unlikely proposition that a businessman, operating in the corporate form, represented by counsel, and served with both a summons against him individually and a complaint staling a claim against him individually, would be entitled to success in a claim of “excusable neglect” based upon his “belief’ that he did not need to answer.

 The denial order was not docketed until January 25, 2008 when notice of the denial was sent to counsel.

 Where, as here, the appeal will be based only on the filed papers, the “Appeal on the Record of Proceedings” may alternatively state that no copy of the recorded proceedings is necessary. In that event, however, use of the rule 8C procedure, rather than the “Expedited Appeal” of Dist./Mun. Cts. R. A. D. A., Rule 8A, may itself be indicative of inattention or intentional delay.

 Mosher also argued at oral argument before us (but not in his motion before the trial judge or even in his appellate brief) that attorney’s fees were assessed against him in the original judgment without any basis in the record. A plaintiff is entitled to attorney’s fees for any recovery under G.L.c. 93A, §9, even though the issue of attorney’s fees was not raised at trial or in a posttrial motion and the absence of a fee award was complained of for the first time on appeal. Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 140 & n.4. As to the amount of such a fee, it is settled that a trial judge may make a finding on the amount of a statutory fee without any specific submission, based only on his own knowledge of the case and his own experience and expertise as a lawyer and judge. Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629-631 (1978).