Greco, P.J.
Plaintiff Jeannette DeNava (“DeNava”) filed this action against her former landlord, defendant Roger A Reilly (“Reilly”), seeking the return of her security deposit and last month’s rent. After a jury-waived trial, the judge found in favor of DeNava on both her complaint counts. DeNava has appealed, however, on the grounds that the trial judge erred in the amount he assessed for attorney’s fees on her security deposit claim and in his finding that Reilly did not violate G.L.c. 93A with respect to her claim for the last month’s rent. Reilly also made efforts to file a cross appeal. DeNava argues that those efforts were untimely, and asks that this Division dismiss any appeal, and disregard any issues raised, by Reilly. Since it would affect the scope of our review, we first address these requests.
Judgment for plaintiff DeNava was entered on September 25,2009. Ten days later, on October 5, 2009, DeNava filed a timely notice of appeal and paid the filing fee.[1] DeNava then filed a timely “Expedited Appeal” pursuant to Dist/Mun. Cts. R. A. D. A., Rule 8A On-November 4,2009, twenty-nine days after DeNava filed her notice of appeal, defendant Reilly filed a late notice of appeal and an objection to DeNava’s selection of the Rule 8A method of appeal.[2] Reilly also failed to pay the appeal filing *128 fee. On December 11, 2009, Reilly’s motion to file his appeal late was allowed. Reilly did not pay the required filing fee, however, until January 8, 2010. On August 10, 2010, DeNava’s second motion to dismiss Reilly’s cross appeal was allowed, but with the notation that the motion would be denied if Reilly ordered a transcript on or before August 16, 2010. The record indicates that Reilly’s attorney faxed his “Designation of Transcription” to the transcriber, Bay State Reporting, on August 17, 2010.
In these circumstances, we cannot take lightly this last transgression, even though a delay of only one day was involved. That last and unexplained failure to comply by Reilly must be viewed in the context of the series of substantial missteps he took. See Sarnia v. D’Annunzio, 2001 Mass. App. Div. 31, 32. The judge hearing the second motion to dismiss Reilly’s cross appeal was disposed to allow it, but gave Reilly one last chance. Although Reilly had six days to complete a simple task, he failed to do so. Accordingly, we will now enforce the ruling of the trial court dismissing Reilly’s cross appeal, and will consider only Reilly’s arguments in opposition to the issues raised on appeal by DeNava, to wit, whether the trial judge erred (1) in using an inappropriate method by which to assess attorney’s fees for Reilly’s violation of the security deposit law, and (2) in failing to find a violation of G.Lc. 93A in Reilly’s handling of her advance payment of the last month’s rent.
The factual context of this dispute is as follows. On September 1, 2006, DeNava signed a lease for an apartment in a two-family house in Melrose owned by Reilly. Reilly’s mother lived in the other apartment. Rent was $1,000.00 per month, with a security deposit of $500.00.[3] DeNava was also required to make an advanced payment of the last month’s rent in the amount of $1,000.00. On February 3, 2008, the whole house was destroyed by a fire. The Melrose fire department concluded that the cause of the fire was “Unintentional - child playing with matches.”[4] DeNava’s apartment was uninhabitable after the fire, and she was forced to move out.
1. Security Deposit. The evidence supported the trial judge’s finding that Reilly failed to place the $500.00 security deposit in escrow in an interest-bearing account, and to inform DeNava of the location of any bank holding the money. Nor did Reilly furnish DeNava with a written statement of the condition of the premises at the commencement of the lease term. The trial judge also found that Reilly “did not return the security deposit to [DeNava] within thirty days after the fire, or any tíme thereafter.” These failures by Reilly constituted violations of the security deposit law. See G.L.c. 186, §15B(6).[5] See Taylor v. Beaudry, 75 Mass. App. Ct. 411, 415-416 (2009); *129 Castenholz v. Cazra, 21 Mass. App. Ct. 758, 762-763 (1986). The judge ruled that DeNava was, thus, entitled to the return of the $500.00 deposit, to a tripling of that amount as provided by G.L.c. 186, §15B(7), and to the required interest, for a total of $1,549.96. DeNava also sought compensation for her attorney’s fees. Her attorney’s affidavit listed his fees in the amount of $17,985.00, plus costs of $583.15, for a total of $18,568.15, for his representation of DeNava on both the security deposit and last month’s rent issues. The trial judge, however, limited DeNava’s attorney’s fees to $1,040.00, stating that the reduced fee award was “[c]alculated as a 40% contingency fee,” which he found “to be reasonable based upon the nature of the claim, the likelihood of prevailing and the judgment.” DeNava argues that an award of fees for a violation of the security deposit law may not be made on a contingency basis.
Subsection 7 of G.L.c. 186, §15 (B) provides that where, as here, a landlord fails to comply with the provisions of subsection 6, the tenant is entitled to “court costs and reasonable attorney’s fees.” We recognize that “[wjhat constitutes a reasonable fee is a question that is committed to the sound discretion of the judge.” Berman v. Linnane, 434 Mass. 301, 302-303 (2001). In exercising that discretion, a judge may consider “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979). The problem in this case is that the fee award was based on a forty (40%) percent contingency fee assessment, as opposed to the Linthicum factors. “The contingency fee agreement has obvious deficiencies as a model for determining attorney’s fees in the areas of discrimination, civil rights, and consumer protection cases. ... Such a method of calculating attorney’s fees also would not provide adequate compensation where the right sought to be vindicated is important but damages are modest.” Fontaine v. Ebtec Corp., 415 Mass. 309, 326 n.14 (1993). We do not mean to imply, however, that the amount sought by DeNava could not be found to be excessive when the appropriate Linthicum factors are applied. This was not a complex case. In any event, the case must be returned to the trial court for a reassessment of attorney’s fees due under G.L.c. 186 on both counts of DeNava’s complaint.
2. Last Month’s Rent. When DeNava entered into the parties’ lease, she paid $1,000.00 in advance for the last month’s rent. After this action was brought, Reilly initially denied that he ever received that money and did not offer to return it. But the trial judge found that “[Reilly] admitted at trial that a $1000 money order that [DeNava] purchased was deposited into his checking account on August 21, 2006.” In her complaint, DeNava added a count for multiple damages and attorney’s fees under G.L.c. 93A for Reilly’s “willful failure to have obtained a copy” from his bank of his deposit of DeNava’s $1,000.00 check, thereby “obligating [her] to proceed to trial to prove the same,” and for his “failure to make a reasonable offer of settlement.” The trial judge found “based upon credible testimony at trial that [Reilly] did not recall receipt of a $1,000 last month’s rent payment until demonstrated by testimony and documents admitted” at trial, that Reilly’s response to the c. 93A demand letter “was a responsible offer of settlement based upon [his] understanding at the time of the filing of [his] response,” and that any failure to respond was not “an unfair or deceptive practice.”
*130 A landlord who receives the last month’s rent in advance must comply with various statutory requirements similar to those attendant to a security deposit. Those requirements clearly were not met here. See G.L.c. 186, §15B(2)(a). The requirements include depositing the money into an interest-accruing bank account, and paying the interest to the tenant on a yearly basis. If any interest due is not paid to the tenant “within thirty days after the termination of the tenancy,” the tenant is entitled to recover up to three times the amount of interest due, along with costs and reasonable attorney’s fees. Id. See also 940 CMR 3.17(4) (b), which provides that it “shall be an unfair or deceptive practice” for the landlord to violate the provisions of G.Lc. 186, §15B with respect to the last month’s rent. The trial judge did award DeNava the amount of the last month’s rent, prorated to reflect a reduction for the first four days of the month before the fire (as allowed by G.L.c. 186, §9), together with the required interest.[6] As noted above, the judge did not find a c. 93A violation and did not award multiple damages. Based on his findings and the circumstances of this case, the judge was within his discretion in concluding that Reilly did not wil-fully or knowingly violate G.L.c. 93A §2, and that his initial refusal to pay the money on demand “was [not] made in bad faith with knowledge or reason to know” that he was violating §2. See G.L.c. 93A §9(3). There was no reference to the last month’s rent in the lease. Some time had gone by before the issue arose, and only then when the house had been destroyed by fire. Reilly had to deal with a major crisis, involving not only DeNava, but also his own mother — a situation that could well have affected Reilly’s recollection of the events that had taken place a year and a half earlier. The judge could have believed that Reilly made an honest mistake — maybe comparable to DeNava’s mistake about the amount of the security deposit (see note 3). What the Appeals Court said in Churgin v. Hobbie, 39 Mass. App. Ct. 302 (1995) seems applicable here: “Ineptitude there may have been; bad faith and unfair practice there was not. ‘[N]ot every unlawful act is automatically an unfair (or deceptive) one under G.L.c. 93A’” Id. at 308, quoting Mechanics Nat’l Bank of Worcester v. Killeen, 377 Mass. 100, 109 (1979). There was no error.
Accordingly, so much of the judgment as relates to the last month’s rent and the damages awarded for the violation of the security deposit law is affirmed. The case is returned to the Malden District Court for a reassessment of the attorney’s fees due to DeNava on both her security deposit and last month’s rent claims.
So ordered.

A notice of appeal must be filed “within ten days after the date of the entry of the judgment in the case being appealed.” Dist/Mun. Cts. R.AD. A., Rule 4(a).

 Under Rule 4(a), where one parly has appealed, “any other party may file a notice of appeal and filing fee within fourteen days of the date on which the first notice of appeal was filed.”
form language that is conclusory in nature, sets out four theories of recovery. In its breach of contract claim, Advanced Spine does allege that it rendered medical treatment to Commerce’s insured for injuries suffered in the accident, and that it submitted bills and records to Commerce.
We note that to survive a motion to dismiss based on a failure to state a claim for relief, there must be enough factual substance in the complaint to show entitlement to the relief requested. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). No motion to dismiss was filed in this case.

 The trial judge found that DeNava’s initial position that the security deposit was $750.00 was incorrect.

 Although there was evidence that one of DeNava’s children had previously been found to have been lighting matches under the porch area of the house, the trial judge made no specific finding as to the cause of the fire.

 While a landlord may deduct from the security deposit “a reasonable amount necessary to repair any damage caused to the dwelling unit by the tenant or any person under the tenant’s control,” G.L.c. 186, §15B(4)(iii), a landlord “forfeit[s] his right to retain any portion of the security deposit for any reason” for the type of violations here. See §15B(6).

 General Laws c. 186, §9 characterizes this as a recovery “back in contract: