Crane, J.
The respondent appeals from the trial court’s dismissal of his appeal for failure to file timely an appeal on the record of proceedings designating the respondent’s election to proceed under Dist/Mun. Cts. R. A. D. A., Rule 8C, and denial of a motion to enlarge time to file an appeal on the record of proceedings designation. The underlying appeal involves an order of commitment under G.L.c. 123, §§7 and 8 and for treatment pursuant to a plan under G.L.c. 123, §8B.
On March 27, 2014, the trial court conducted a hearing and found that the respondent was not competent to make decisions to care for himself and, based upon substituted judgment, authorized treatment with antipsychotic medication pursuant to a treatment plan, and ordered the respondent committed for treatment for up to six months. On April 7,2014, counsel for the respondent filed a motion for reconsideration questioning whether the court had jurisdiction based upon whether the petitioner was required to furnish written notice of intention to transfer to the respondent before filing its petition. On April 23,2014, the same judge conducted a hearing on this motion and the petitioner’s motion to amend the original treatment plan. Later that day, the court denied the motion for reconsideration and allowed the motion to amend the treatment plan for the respondent
On May 5, 2014, the respondent’s original counsel timely filed a notice of appeal, and the court allowed the respondents motions to waive the entry fee for the appeal and for the cost of obtaining a transcript of the testimony. Original counsel also promptly ordered compact discs of the proceedings for delivery to the transcriber. On August 11, 2014, the Committee for Public Counsel Services appointed current appellate counsel. On August 19,2014, appellate counsel for the *83 respondent filed copies of the transcripts and six copies of the appeal on the record of proceedings. On August 21, 2014, the petitioner filed its motion to dismiss the appeal. In response, on August 26, 2014, respondent’s appellate counsel filed a motion to enlarge the time for filing an appeal on the record of proceedings designation to August 19,2014. On September 5,2014, following a hearing, the original judge denied the motion to enlarge time and allowed the motion to dismiss the appeal. On September 9, 2014, the respondent’s appellate counsel timely filed a notice of appeal from these rulings.
The respondent concedes that the appeal on the record of proceedings designation was filed late, but that the transcripts were promptly ordered and prepared, that this did not prejudice the petitioner, and that the judge abused his discretion in dismissing the appeal and not enlarging time. The respondent also asserts that the circumstances of filing the appeal on the record of proceedings designation late involves “excusable neglect” that warrants us to act under Dist./Mun. Cts. R. A. D. A., Rule 14, to grant his motion to enlarge time and reinstate the appeal. Next, the respondent argues that the petitioner was not prejudiced in any way by the late filing.
The respondent also urges that the underlying appeal involves an allegedly recurring issue where the petitioner and others recite that tiiey have delivered a copy of a notice of intent to transfer conditional voluntary patients, such as the respondent, to State institutions when either nothing has been delivered in writing or adequately communicated to the patient In this case, the respondent asserts that the psychiatrist who signed the forai, which recited a copy was delivered to the respondent, testified at the hearing that he did not furnish the respondent with a copy but instead spoke to him about a transfer proceeding. The respondent claims that this does not conform to G.L.c. 123, §3 and the Department of Mental Health regulations. The respondent argues that nothing less than strict compliance with the statute and applicable regulation is acceptable, citing Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000). This is because he claims that delivery of written notice is a prerequisite to maintaining any proceeding for civil commitment and transfer to another institution when the respondent has not given written notice of his intention to be discharged in three days.
In its motion to dismiss the appeal, the petitioner asserts that the respondent was required to file his appeal on the record of proceedings designation by June 4, 2014, being within thirty days of filing the notice of appeal, and that failing to do so was a serious misstep subject to a presumptive result of dismissal. Soderlund v. Mosher, 2009 Mass. App. Div. 32, 33-34.
“An appellee’s motion to dismiss a noncomplying appeal presents the trial court with three questions: whether, in fact, the appellant has violated a procedural requirement; whether that violation amounts to a ‘serious misstep,’ Brown v. Quinn, 406 Mass. 641, 643-644 (1990), citing Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975), warranting appeal dismissal; and whether, even in the case of a serious misstep, the appellant has advanced good cause for a Rule 14(b) extension of time to correct the procedural noncompliance. See generally, as to Rule 14 (b) relief, Lashus v. Slater, 2009 Mass. App. Div. 89, 93; Rocha v. Hanover Ins. Co., 2008 Mass. App. Div. 10,11.” Islamov v. Tiomkin, 2011 Mass. App. Div. 13, 15.
*84 Rule 8C of the Dist/Mun. Cts. R. A. D. A. requires that an appeal on the record of proceedings be filed within thirty days of the filing of the notice of appeal. Consequently, it was over two months overdue when the respondent sought leave to file it late on August 26, 2014. The respondent characterizes the appeal on record of proceedings designation as nothing more than a “form.” However, it requires designation of parts of the proceedings to be transcribed and the identification of the transcriber if the parties have not agreed on one.
Although there is no dispute about the transcriber or the parts to be transcribed here, the respondent’s failure to make a timely designation was a serious misstep. Soderlund, supra; Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. The respondents timely filing of the designation would have put the petitioner on notice that the appeal was proceeding and not abandoned. The transcript was complete on July 18, 2014, and the respondent did not file it for almost a month. It was only then that the petitioner became aware the appeal was not abandoned.
The standard for our review of the trial judge’s decision to dismiss the appeal and deny late filing is whether his ruling was an abuse of discretion. It is not for us to substitute our judgment for his. We will overturn his exercise of discretion “where we conclude the judge made ‘a clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives. See Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 168-169 (2d Cir. 2001); Adoption of Mariano, 77 Mass. App. Ct. 656, 660 (2010).” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Applying this standard, we do not find any abuse of discretion by the trial judge.
The respondent also urges us to extend the time for filing the designation under Dist./Mun. Cts. R. A. D. A, Rule 14(b), because there is good cause. The standard of “good cause” for relief under Rule 14(b) is the equivalent of “excusable neglect.” This requires some showing or explanation for the failure to file timely that is more than a party or his counsel not knowing the applicable rules. Signature Flight Support Corp. v. Global NAPs Realty, Inc., 2005 Mass. App. Div. 24, 27-28; Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32. The respondent’s appellate counsel submitted an affidavit that sets forth her conscientious and timely efforts to file a motion to enlarge time and to submit the transcripts between her appointment on August 11, 2014 and her filing to seek relief on August 26,2014. However, there is nothing in her affidavit or any other affidavit from original trial counsel about the reasons or circumstances for the failure to file timely the appeal on the record of proceedings designation. Instead, the respondent claims “good cause” because of the misstatement by the psychiatrist that a copy of the notice of transfer form was delivered to the respondent, notwithstanding the psychiatrist’s admission at the hearing that he did not deliver a copy of the form to the respondent but instead testified about the respondenf s desire to leave the facility and not receive treatment.[1] This does *85 not rise to the level of an abuse of discretion by the hearing judge in ruling on the motion to dismiss the appeal or for extension and does not present “good cause” for us to grant relief under Rule 14.
Under these circumstances, we need not address the respondent's arguments on mootness.
The orders of the trial court dismissing the appeal and denying the motion to enlarge time are affirmed.
So ordered.

 The psychiatrist testified that the patient had refused to participate in group sessions or other treatment and told him that he wanted to leave the treatment facility and go home and not receive any treatment. This was uncontroverted and corroborated by the testimony of the respondent’s longtime partner. It would support a finding *85 that the respondent wanted to leave the facility but would not submit a written request for discharge.