KALMAN K. BRATTMAN *vs*. SECRETARY OF THE
COMMONWEALTH.

Suffolk. October 2, 1995. - December 12, 1995.

Present: LIACOS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Corporation*, Representation in judicial proceedings, Officers and agents,
Non-profit corporation, Dissolution, Revocation of charter.

In a civil action, the judge should have allowed the defendant's motion to
dismiss the plaintiff's complaint, which was brought on behalf of a cor-
poration by a corporate officer who was not an attorney licensed to
practice law in the Commonwealth, in contravention of the holding of
*Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79 (1988). [511]

Discussion of the distinctions between the dissolution of nonprofit corpora-
tions by this court pursuant to G. L. c. 155, § 50A, and the dissolution
of business corporations under G. L. c. 156B, § 101, and the revocation
of a corporation's charter under G. L. c. 180, § 26A (4), by the Secre-
tary of the Commonwealth. [511-512]

Where the Secretary of the Commonwealth complied with the notice pro-
vision of G. L. c. 180, § 26A (4), with respect to corporations' default
in filing annual reports for two consecutive years, the revocation of the
corporations' charters for such default was valid. [512-513]

CIVIL ACTION commenced in the Superior Court Depart-
ment on October 19, 1993.

The case was heard by *Peter M. Lauriat*, J., on a motion
for summary judgment and other collateral motions.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Kalman K. Brattman*, pro se.

*Edward D. Rapacki*, Assistant Attorney General (*Laurie
Flynn* with him) for the defendant.

LYNCH, J. This appeal arises from the Secretary of the
Commonwealth's revocation of the charters of about 11,000
nonprofit corporations, pursuant to G. L. c. 180, § 26A (4)

(1994 ed.), for failure to file annual reports for two consecutive years. The plaintiff, who is proceeding pro se,[1] began this action by filing a complaint in the Superior Court on behalf of two such corporations: NatureQuest Corporation and NatureQuest Publications, Inc. (corporations).

The plaintiff requested that the corporations be restored to their status prior to the dissolution or revocation and requested a waiver of the fees associated with their revival. Shortly after filing this complaint, the plaintiff moved for an interlocutory injunction barring the Secretary from dissolving any other existing nonprofit organization and also moved for appointment of a special investigator to expose an alleged scheme by the Secretary capable of "circumventing our existing laws."

At that time, the plaintiff also sought to amend his complaint by asking the court to: (1) nullify the "dissolution" of his two corporations and "advise" the Secretary to eliminate all references to the "dissolution" in the official records; (2) advise the Secretary that he cannot issue a "Notice of Dissolution," and should issue a "Notice for Revocation of Charters"; (3) award $250,000 per corporation for each year of alleged "dissolution"; (4) award punitive damages; and (5) require a public apology from the Secretary.

A Superior Court judge, acting on the Secretary's motion to dismiss or for summary judgment, granted summary judgment to the plaintiff on his claim that the Secretary improperly "dissolved" the corporations, but allowed the Secretary's motion for summary judgment as to plaintiff's request for waiver of the fees.

Subsequently, the plaintiff filed an "emergency motion for a closed hearing" regarding complaints he had against an assistant clerk of the court. This motion was denied, as were several other of the plaintiff's remaining motions. The plaintiff apparently appeals from the denial of his motion to

---

[1] Pro se plaintiffs are bound by the same rules and requirements as one represented by counsel. *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985), and cases cited.

amend his claim for damages and the denial of his motion for an emergency hearing regarding the assistant clerk. The Secretary appeals from the judge's granting of summary judgment in favor of the plaintiff on his claim that the Secretary had improperly "dissolved" the two corporations. We transferred the case here on our own motion.

The following facts are from the judge's memorandum of decision and the affidavits of the parties, part of the summary judgment record. The plaintiff is the president of two corporations, which were identified by the Secretary as having failed to file an annual report for the years 1983 and 1984. The corporations were sent notices of dissolution in May, 1986, informing them of their failure to file such annual reports, as required by G. L. c. 180, § 26A, for those years.[2] The corporations had filed annual reports, but had failed to include the filing fee, so they were returned as unacceptable. At that time the corporations had requested a waiver of the filing fees; however, there is no provision in the statute for waiving the fees, so the request was properly denied. The Secretary revoked the charters of the corporations on November 17, 1986, pursuant to G. L. c. 180, § 26A (4).[3]

On August 2, 1993, the plaintiff, on inquiry in person at the Secretary's office, learned that his corporations had been dissolved. He subsequently received a certificate which refers to dissolution pursuant to G. L. c. 156B, § 101 (1994 ed.), the statute by which the Secretary dissolves a business corpo-

---

[2]The notice provided, in pertinent part:

"Under the provisions of Massachusetts General Laws, Chapter 180, section 26A, failure to file the annual reports for two consecutive years is sufficient cause for the revocation of the corporate charter.

"You are hereby notified that the ABOVE-NAMED CORPORATION WILL BE DISSOLVED ninety days from the date of this notice, as provided by M.G.L. c. 180, s. 26A, para. 4.

"In order to avoid dissolution, the corporation must file the above delinquent annual reports together with the filing fee of $10.00 for each annual report. . . ."

[3]The records for each corporation indicated a "dissolution date" of November 17, 1986, and a "dis[solution] type" of "I" (for involuntary). According to the Secretary, these records have since been changed now to indicate a "revocation date" and "revocation type," respectively.

ration. The Secretary maintains that this certificate was issued in error; the issuing clerk incorrectly read the computer record; and that the certificate should have referred to G. L. c. 180, § 26A.

*Discussion.* The Secretary's motion to dismiss should have been allowed, although not for the reason relied on by the Secretary. In *Varney Enters., Inc.* v. *WMF, Inc.*, 402 Mass. 79, 79 (1988), we held that, "except for small claim matters, a corporation may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth."

Corporations, including nonprofit corporations, are artificial persons. See *Mills* v. *W.T. Grant Co.*, 233 Mass. 140, 145 (1919). Corporations that have been dissolved or have had their charters revoked are allowed three years to close out their affairs under G. L. c. 156B, § 102 (1994 ed.), pursuant to the cross-references in G. L. c. 180, § 10C. Thus, the plaintiff, as an officer of the corporations who is not an attorney, may not represent the interests of the corporations in a legal action.

Even if the question were properly before us, we would hold that the Secretary did not improperly "dissolve" the nonprofit corporations under G. L. c. 155, § 50A (1994 ed.), but rather that the charters were appropriately "revoked" under G. L. c. 180, § 26A (4). The use of the term "dissolution" instead of "revocation" on the notification form is a distinction without a difference. The Secretary fulfilled the statutory requirements of G. L. c. 180, § 26A, for revocation of a corporation's charter.

Under G. L. c. 155, § 50A, only this court can dissolve a nonprofit corporation; however, the Secretary has the authority to dissolve business corporations and to revoke the charter of nonprofit corporations. See G. L. c. 156B, § 101 (conditions for dissolution by Secretary of certain business corporations); G. L. c. 180, § 26A (4) (conditions for revocation of charter by Secretary of certain charitable corporations). Although the notifications were entitled "Notice of Dissolution" and threatened that the corporations would be *dissolved* in

ninety days, the notices also cited the correct statute, G. L. c. 180, § 26A, and correctly stated that the corporate charter would be revoked. See note 2, *supra.*

The use of the term "dissolution" to refer to the termination of a corporate existence has been used historically to refer both to the revocation of a charter under G. L. c. 180, § 26A, as well as the dissolution of a corporation under G. L. c. 156B, § 101. See *Franklin Fair Ass'n* v. *Secretary of the Commonwealth,* 347 Mass. 110, 117 (1964). In *Franklin Fair Ass'n, supra* at 118, this court upheld the "dissolution" of a nonprofit corporation because of its failure to file its annual reports under G. L. c. 180, § 26A.

There is no practical distinction between the revocation of a nonprofit corporation's charter under G. L. c. 180, § 26A, and dissolution of a business corporation under G. L. c. 156B, § 101. In both cases, the corporation must cease conducting business, although it may "wind up" its affairs pursuant to G. L. c. 156B, § 102, may be put into receivership under G. L. c. 156B, § 104 (1994 ed.), or may be revived under G. L. c. 156B, § 108 (1994 ed.).[4]

It is undisputed that there was sufficient cause to revoke the charters of the corporations since they did not file acceptable annual reports for two consecutive years. The plaintiff argues that he never received the notice of dissolution sent to him in 1986. The statute requires that notice of default be given by "mail, postage prepaid, to such corporation in default."[5] G. L. c. 180, § 26A (4). Furthermore, the affidavit that the notices were mailed is undisputed. The plaintiff avers only that he was unable to find anyone with personal knowledge that they were mailed and that *he* did not receive

---

[4]The nonprofit corporations invoke the normal business dissolution provision pursuant to the cross-reference in G. L. c. 180, § 10C.

[5]General Laws c. 180, § 26A (4) (1994 ed.), states: "If the corporation fails to submit its certificate for two successive years, the state secretary shall give notice thereof by mail, postage prepaid, to such corporation in default. Failure of such corporation to submit the required certificates within ninety days after the notice of default has been given shall be sufficient cause for the revocation of its charter by the state secretary."

the notice. Neither averment contests the Secretary's affidavit. The statute does not require proof of receipt. *Id.* The Secretary complied with the statute, so the revocation is valid.[6]

*The plaintiff's motions.* Since the motion to dismiss should have been allowed, it is unnecessary for us to discuss the plaintiff's appeal from the denial of his collateral motions.

We therefore vacate summary judgment and remand the case to the Superior Court for entry of judgment dismissing the complaint.

*So ordered.*

---

[6]The summary judgment decision relied in part on an uncontested affidavit from legal counsel for the Secretary that the notifications were mailed. A defendant's motion for summary judgment may be based on the uncontested affidavit that notice was given. See *County of Norfolk* v. *Zoning Bd. of Appeals of Walpole*, 16 Mass. App. Ct. 930 (1983).