Aguiar, J.
This appeal raises the issue of whether the trial judge erred in not allowing plaintiff’s motion to dismiss the defendant’s appeal where the defendant did not list an issue of law that was properly raised in the trial court and preserved for appellate review.
We find there was error
This was a summary process action. The plaintiff sought to regain possession of the apartment and sought damages. The defendant filed a counterclaim. At trial the plaintiff submitted evidence to the court, both testimonial and documentary, regarding the terms of the defendant’s tenancy, the pending sale of the property to *84 a third party, the service of a notice to quit, and the amount of unpaid rent due as of that date. The defendant offered evidence disputing the plaintiffs claims.
The defendant offered evidence to the court both testimonial and documentary, regarding the nature and terms of her tenancy with the plaintiff, repairs necessitated by an inspection by the Milton Board of Health and of electrical conditions related to her counterclaim. The plaintiff offered evidence disputing the defendant’s claims. At the close of the evidence neither party submitted a request for rulings of law in accordance with Mass. R. Civ. P., Rule 64A. After the close of this case Judge Black entered judgment for the plaintiff for possession of the premises together with rent owed in the amount of $1246.00 plus costs. He further entered judgment for the defendant on her counterclaim in the amount of $525.00 plus costs. The defendant filed a notice of appeal on July 30,1998. The notice of appeal failed to identify any issue of law presented for review. Since the filing of the notice of appeal on July 30,1998 the defendant has taken no action whatsoever to prosecute this appeal.
On August 27,1998 the plaintiff filed a motion to dismiss the defendant’s appeal in the trial court which was denied giving rise to this appeal.
Appeals from summary process judgments for cases heard in the District Courts of Norfolk and Middlesex County are no longer de novo trials in the appropriate Superior Court. “Summary process and other civil cases in these two counties are now subject to one trial with a right of appeal to the Appellate Division in accordance with the District/Municipal Court Rules of Appellate Procedure and the Massachusetts Rules of Civil Procedure.” Cummings v. C.T. Whittier, 1997 Mass App. Div. 153, 154.
“Unlike a trial de novo, an appeal to the Appellate Division or any Appellate Court is restricted to issues of law properly raised in the trial court and preserved for appellate review.”
In order to save a question of law for report to an appellate division, it is necessary to file a request for a ruling of law. Abizaid v. Abizaid, 33 Mass. App. Dec. 78, 84.
Exceptions to the general rule regarding the necessity of requests for rulings of law are made where “a judge makes a voluntary report under M.G.L.A.C. 231, §108; the case has been submitted as a case stated; all material subsidiary facts have been found or agreed; the basis for a general finding is not in dispute or a general finding is based solely on a ruling or rulings which appear on the court’s record.” Coleman v. C. & P. Homes, Inc., 44 Mass. App. Dec. 142, 145 (1972).
None of the above exceptions to the general rule exist in this case.
The facts were in dispute. The trial court made no findings of fact under Mass. R. Civ. P., Rule 52(c). This was a case where, in order to preserve one’s right to review by an appellate court, it was essential to separate the factual evidence from the principles of substantive or procedural law and the application of the principle of law to the facts. Without rulings of law, it is not possible to separate the trial court’s factual findings from its legal rulings and accordingly an appellate court cannot “determine from a district court civil judgement alone whether the court's decision resulted from the simple disbelief of the losing party’s evidence or some other factual finding, or was instead predicated on an error of law” Cooperstein v. Turner Brothers Construction, 1992 Mass. App. Div. 249, 251.
Accordingly, there was no question of law to be reviewed by the appellate division and consequently it was proper for the trial judge to dismiss the appeal, A.A. Proctor & Co., Inc. v. Slavet, 48 Mass. App. Dec. 130.
We find there was error.
1. The defendant in her notice of appeal failed to comply with the provisions of subsection (c) (2) & (c) (3) of Dist./Mun. Cts. R. A. D. A, Rule 3, in that she failed to identify the issues of law presented for review and failed to identify the part of the judgment being appealed. At best, the defendant’s notice of appeal could be *85 construed as an “objection to, or charge of error in, the trial court’s general finding ... (and therefore) presents no question for appellate review.” Ducker v. Ducker, 1997 Mass. App. Div. 147, 148.
2. The defendant has failed to perfect her appeal. In accordance with the provisions of Dist./Mun. Cts. R. A D. A, Rule 8C the defendant within 30 days after filing her notice of appeal was to file notice of “appeal on the record of proceedings.” The defendant has done nothing whatsoever since the filing of her notice of appeal to perfect her appeal.
For all the above reasons the defendant’s appeal should have been dismissed.
We find there was error by the trial judge in denying plaintiff’s motion to dismiss defendant’s appeal and that decision is reversed.
The motion to dismiss defendant’s appeal is hereby allowed.