Brennan, J.
This case arises from a suit brought by Kevin Ahem and Gail Ahern (hereinafter, plaintiffs/appellees) against Al-Miraj, Inc. (hereinafter, defendant/ appellant) for breach of contract involving the construction of plaintiffs’/appellees’ home. The issue before this court is whether the trial judge abused his discretion in his rulings. The facts necessary for an understanding of the issues are as follows.
On or about May 3, 1997 plaintiffs/appellees and defendant/appellant entered into a purchase and sale agreement whereby plaintiffs agreed to purchase a home built by the defendant. This agreement provided for a closing date of July 28,1997, however, at the request of the defendant the date for closing was extended until August 29, 1997. On or about August 29, 1997, the property was transferred and plaintiffs paid to the defendant the sum of $183,010.00. Certain aspects of the work were unacceptable to the plaintiffs and the parties drew up a “punch list” which included repairs and additions that the defendant agreed to perform. This “punch *249 list” was to be completed within 10 days, however the work was not completed and on or about December 12,1997, the plaintiffs served the defendant with a Demand Letter pursuant to G.L.c. 93A. On or about March 20,1998, plaintiffs filed a Complaint alleging breach of contract and sought damages pursuant to G.L.c. 93A. Defendant failed to file a timely answer and on June 15, 1998, a default was entered. A hearing for assessment of damages was scheduled for July 10, 1998; and, at the request of the defendant, this hearing was rescheduled five times. Finally, on September 23, 1998, the parties appeared for hearing on the motion and the defendant filed a Motion to Remove Default and Leave to File Answer Late. After hearing, the Court awarded the plaintiffs $10,700.00.
The defendant filed a Motion to Alter, Amend and/or Reconsider Judgment Pursuant to Rule 59 and/or For Relief From Judgment Pursuant to Rule 60. These motions were subsequently denied and on November 9, 1998, defendant filed Notice of Appeal of the Court’s Denial of Motion to Alter, Amend, or Reconsider Judgment and/or Relief From Judgment. However, defendant failed to file Method of Appeal within the prescribed 30 days of filing Notice of Appeal pursuant to Rule 8A, 8B, or 8C of the Dist/Mun. Cts. R A. D. A. On December 18, 1998, plaintiffs filed a Motion to Dismiss, which was scheduled for hearing on January 13, 1999. On January 7,1999, defendant filed a Motion For Late Filing of Method of Appeal and For Enlargement of Time For Filing of Method of Appeal. These motions were all set for hearing on January 13,1999, but, at defendant’s request, they were rescheduled for January 27, 1999. All motions were heard on February 24, 1999, and on March 8,1999, the Court allowed plaintiffs’ Motion To Dismiss and denied defendant’s Motion For Late Filing of Choice of Method of Appeal and Enlargement of Time for Filing Choice of Method of Appeal.
On March 17, 1999, defendant filed a Notice of Appeal and on April 6, 1999, defendant filed an Expedited Appeal pursuant to Rule 8A of the Dist./Mun. Cts. R. A. D. A. The defendant’s brief was not filed within the twenty five day period required under Rule 8A(c) and, relying on this rule, plaintiffs filed a Motion to Dismiss Defendant’s Appeal as well as a Motion For Attorney’s Fees. These motions were heard on June 18,1999, at which time defendant filed a Motion for Late Filing of Appellate Brief, which was denied. On July 2,1999, plaintiffs’ Motion to Dismiss Defendant’s Appeal and their Motion for Attorney’s Fees were allowed.
The issues before the Court are whether the denial of the defendant’s Motion For Late Filing of Appellate Brief and its allowance of plaintiffs’ Motion to Dismiss Defendant’s Appeal and For Award of Attorney’s Fees was within the Court’s discretion. Simply stated, the issue is whether the trial judge abused his discretion. Rule 14(b) of the Dist./Mun. Cts. R. A. D. A. provides, in part, that"... the trial court or Appellate Division for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time....” The determination of what constitutes “good cause” is clearly a matter left to the trial judge. The discretion of a trial judge is very broad and it is well established that, absent a clear showing of abuse, the findings of a trial judge are to be upheld. In this case counsel for the defendant has made the court aware of certain tragic and compelling circumstances in his personal life. However, the pattern evidenced throughout the procedural history of this case makes it clear that the actions of the trial judge were clearly within his discretion. Based on all of the evidence that was before the trial judge it is clear that he did not abuse his discretion.
For the reasons cited above the Appeal is hereby dismissed.