Rutberg, J.
Christine Wickstrom was seriously injured in a motor vehicle collision. The vehicle with which Ms. Wickstrom’s car collided was owned by Minuteman Corrugated Corporation and driven by its employee Paul Castonguay. The accident occurred on August 15,1995 at the Sturbridge exit to the Massachusetts Turnpike. In December 1997, Ms. Wickstrom filed the underlying complaint in the Worcester Superior Court seeking damages for her personal injuries against Minuteman and Castonguay [hereinafter referred to as the “defendants”], and her husband, Alan, joined the action seeking damages from the defendants for his alleged loss of consortium with his wife. In February 1998, the Superior Court remanded the entire matter to the Dudley District Court for trial which was held in late 1999 before McCann, J. On March 27,2000, judgment was entered against the defendants for Christine in the amount of $1,750,000 and for Alan in the amount of $250,000.
Within a week of the judgment, defendants secured substitute counsel who filed a timely notice of appeal to this Court; thereafter defendants filed a timely election to prosecute their appeal on the record of the trial proceedings, pursuant to Dist/Mun. Cts. RAD. A, Rule 8C. Defendants’ election to proceed under Rule 8C also included their statement that a copy of the electronic recording of the trial had been previously made. Notwithstanding defendants’ request for a copy of the trial tapes, the parties had previously agreed to have a stenographic record made of the trial; and the transcripts of the stenographic record were available to trial counsel by the end of 1999. These transcripts were filed in the Dudley District Court on July 7,2000; and plaintiffs moved to dismiss defendants’ appeal claiming *221 that defendants had not prosecuted it in a timely fashion. As Judge McCann was no longer a member of the District Court, plaintiffs’ motion to dismiss defendants’ appeal was heard before a different district court justice. On August 9,2000, Judge Vira found that the trial transcript was available to the defendants on December 31,1999, and the delay in its filing was not a result of excusable neglect; therefore, he ordered that the appeal be dismissed.
Within ten days of the dismissal of their appeal, defendants filed a motion for reconsideration with Judge Vira as well as a separate motion to enlarge their time to file the trial transcript; additionally, defendants filed a request to retransfer the case to the Superior Court for trial. The request for retransfer was made "... without prejudice to [defendants’] pending motions for reconsideration and enlargement of time to file the transcript, previously filed.”
Plaintiffs filed oppositions to defendants’ motions for reconsideration and enlargement of time; and, they also filed a motion “for an order not to retransfer [the] case to the Superior Court” On November 10, 2000, Judge Virzi made findings and denied defendants’ motions for reconsideration and enlargement of time; he also entered an order denying defendants’ retransfer to the Superior Court On November 17, 2000, defendants filed a timely notice of appeal of the dismissal of their appeal, the denial of their motions for reconsideration and enlargement of time, as well as the denial of their request for retransfer. This latter appeal was presented to this Court for determination.
The first appeal was dismissed on August 9, 2000; and, if defendants wished to appeal that dismissal, they had to file a Notice of Appeal within ten days of the dismissal. Dist/Mun. Cts. RADA, Rule 4(a). Defendants did not file a Notice of Appeal until November 17, 2000; and, they never sought, nor were they granted, an extension to time for filing of the Notice of Appeal. Dist/Mun. Cts. R A D. A, Rule 4(c). Our courts treat motions for reconsideration as motions to amend judgments pursuant to Mass. R Civ. R, Rule 60(b), which states that such a motion “... does not affect the finality of a judgment or suspend its operation.” Therefore, the filing of a motion for reconsideration does not toll the period dining which an appeal may be filed. Pentucket Chronic Hospital, Inc. v. Rate Setting Commission, 394 Mass. 233 (1985); Woltberg v. Hunter, 385 Mass. 390 (1982). As a result, so much of this appeal which purports to question the dismissal of the first appeal is not properly before us, and that dismissal is affirmed.
Defendants’ motion to enlarge time to file the transcript was denied by the trial judge. We will not upset such a denial absent a showing of abuse of discretion, and there is nothing in the record that would indicate an abuse. Ahern v. Al-Miraj, Inc., 2000 Mass. App. Div. 248.
The trial judge ordered that defendants’ retransfer be denied because the request to retransfer contained surplusage. The surplusage did not vitiate the timely filed request for retransfer; indeed it was reasonably included given the convoluted procedural context of this case. The plain language of defendants’ request indicates their desire to have the case retransferred to the Superior Court for trial. “Construing the paper other than as a request for retransfer would render it completely irrelevant ...” Held v. Brandano, 37 Mass. App. Div. 184, 187-88 (1967). The court in the Brandano decision quoted the Supreme Judicial Court’s injunction that it can be presumed that a paper has been filed to “accomplish something and not do a futile act” Hays v. Georgian, Inc., 280 Mass. 10, 15 (1932).
This matter is remanded to the Dudley District Court with instructions that it be retransferred to the Worcester Superior Court pursuant to G.L.c. 231, §102C.