Creedon, J.
In this Dist/Mun. Cts. R A D. A, Rule 8A appeal, the defendant, Thomas F. Dowd (Dowd), proceeding pro se, asks us to review the propriety of the dismissal of his appeal in the trial court[1]
We need not recite the lengthy procedural history of this case other than to say that *162 this action was commenced on January 8,1998 by Massachusetts Higher Education Assistance Corporation d/b/a American Student Assistance (American) and that on March 5,1999judgment was entered, after ahearing, for American. On March 26,1999, Dowd took an appeal from the judgment that entered. It appears from the docket entries that Dowd’s motion to enlarge the time for filing his appeal, filed the same day, was allowed after hearing. Dowd was given until June 4,1999 to file an appeal On April 20, 2001, American was successful in persuading a motion judge to dismiss the defendants appeal for Dowd’s Mure to properly prosecute the appeal. In response, Dowd filed an appeal from this ruling on May 24, 2001. The docket does not reflect the filing of or allowance of any motion to enlarge the time within which to file the appeal
We dismiss this appeaL In order for Dowd to appeal the dismissal of his appeal he was required “to file a Notice of Appeal within ten days of the dismissaL” Dist/Mun. Cts. R A D. A, Rule 4(a). Dowd did not file a Notice of Appeal until May 24,2001; and, he never sought nor was he granted, an extension of time for filing of the Notice of Appeal Dist/ Mun. Cts. R A D. A, Rule 4(c). Wickstrom v. Castonguay, 2001 Mass. App. Div. 220, 221. As a result the dismissal of the appeal is not properly before us, and this appeal is dismissed.
Had the appeal been before us we would have had to consider whether the motion judge abused his discretion in the dismissal of the appeal. Borden v. Deep, 2000 Mass. App. Div. 122.
After filing his appeal, on June 4,1999, the docket sheet reflects no action taken to perfect the appeal. Fourteen months passed before American moved to dismiss the appeal. Even then the docket entries do not show any attention to the perfection of the appeal as required under the Dist/Mun. Cts. R A D. A The motion to dismiss, as noted, was allowed on April 20, 2001, twenty-two months after the appeal notice was filed.
It is fundamental that “all litigants are better served if the time in which certain actions are required has some meaning. Appellees, particularly, are entitled to the progress of appesds with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.” Brown v. Quinn, 406 Mass. 641, 645 (1990). Other than filing of the appeal notice, the absence of entries upon the docket reflect that Dowd Med to adhere to any time requirements. For example, fundamental to appellate practice is the designar tion of the appeal see Rules 8A 8B and 8C. The timing for the designation is twenty days after the filing of the notice of appeal in the event that the appellant chooses 8A and thirty days in the event that the appellant chooses either 8B or 8C. Dowd did not designate his method of appeaL This was a serious misstep in the appellate process and the “presumptive penalty for the ‘serious misstep’ of Ming to file a... designation was dismissal of the appeaL” Georgantis v. Star Market Companies, 2000 Mass. App. Div. 77, 78. There was no abuse in the discretion to dismiss the appeal appeal dismissed
So ordered.

 Dowd takes issue with a denial of permission to file a complaint regarding property that he once owned. It appears that, as a result of multiple prior litiga-tions, deemed vexatious, involving the same issue which he sought to raise in the complaint in this case, there existed a standing order requiring Dowd to seek permission to file any complaint in which he sought to again relitigate any issue involving the property he once owned. Permission to file was denied on April 25, 2001. The issue of the denial of permission to file the complaint is not before us.