Brennan, J.
Plaintiff Choice Health, Douglas Investment Group, Inc. (“Choice Health”) has appealed the trial judge’s allowance of the defendants’ (collectively, “Devcon”) motion for an extension of time to file a Dist./Mun. Cts. R. A. D. A., Rule 8C(b) “appeal on the record of proceedings.”
We affirm the trial judge’s ruling, and dismiss Choice Health’s appeal.
The relevant procedural chronology is undisputed. Judgment was entered for Choice Health on October 7, 2004. On October 14, 2004, Devcon timely filed a “Notice of Intent to Appeal” and the required filing fee. Dist./Mun. Cts. R. A. D. A, Rule 4(a). Devcon’s notice stated, inter alia: “Defendants reserve the right to add additional or alternative issues as provided in Mass. R. A. P. Rule 8C.” Less than two weeks later, on October 27, 2004, Devcon ordered cassette tape copies of the electronic recording of the trial and paid the required fee to the trial court.[2]
On December 08, 2004, one Douglas D. Duga, identifying himself as president of “Douglas Investment Group, Inc. a/k/a Choice Health,” filed a motion on behalf of Choice Health to dismiss Devcon’s appeal. Duga is not an attorney.[3] Further, Duga’s improper motion sought dismissal of Devcon’s appeal solely on the basis of Devcon’s non-compliance with Mass. R. A. P. A, Rule 9(c). However, the requirements of that rule for appeals to the Supreme Judicial Court and the Appeals Court were entirely inapplicable to Devcon’s appeal to this Appellate Division.
Devcon responded the next day, December 9, 2004, by filing (a) a Dist./Mun. Cts. R. A. D. A, Rule 14(b) motion for an extension of time to file a formal Rule 8C designation, (b) the “appeal on the record of proceedings” designation itself and (c) the supporting affidavit of Devcon’s counsel.
On January 7,2005, the trial court issued notice that the cassette tapes Devcon had ordered ten weeks earlier had been finally received in the trial court On January 20, 2005, within the time required by Dist/Mun. Cts. R A D. A, Rule 8C (c) (1), Devcon correctly filed and served a “designation for transcription” delineating those portions of the trial tape to be included in the transcript Devcon then sent its suggestion of a suitable *94 transcriber to Choice Health. Upon Choice Health’s failure to respond, Devcon properly-filed a Dist/Mun. Cts. RAD.A, Rule 8C(c) (1) motion for the selection of a transcriber.
A hearing on Choice Health’s motion to dismiss and Devcon’s Rule 14(b) motion was scheduled for February 2, 2005. A three-week delay ensued, however, when Choice Health requested additional time, four months after judgment to retain legal counsel. On February 22,2005, the parties agreed upon the selection of a transcriber. On the same date and after hearing, Devcon’s Rule 14(b) motion was allowed and Choice Health’s dismissal motion was denied. Choice Health filed this appeal of the Rule 14(b) ruling.
An appellants failure to file a Dist/Mun. Cts. RADA, Rule 8C(b) “appeal on the record of proceedings” within 30 days of his notice of appeal to designate Rule 8C as his “method of appeal” has been characterized as a “serious misstep” for which the “presumptive” penalty is appeal dismissal.[4] Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 78. An appellant may seek to rectify that potentially fatal error by filing a Dist/Mun. Cts. RAD.A, Rule 14(b) motion for additional time to file the Rule 8C designation. A Rule 14(b) motion must be predicated on “good cause,” Marino v. Kandris, 1997 Mass. App. Div. 129, 130; Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136, which, in this context, is deemed
tantamount to ‘excusable neglect under Rule 4 (c), which requires a showing of ‘unique or extraordinary’ circumstances, Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 419 (1989), beyond simple inadvertence or agar-den-variety mistake as to the meaning of a statute or rule. Feltch v. General Rental Co., 383 Mass. 603, 613 (1981).
Paquette v. Premier Ins. Co., 2000 Mass. App. Div 250, 251, quoting Oyegbola v. DeSimone, 1995 Mass. App. Div 91, 95 at n.17. Seizing upon a single statement in Devon’s counsel's affidavit that he “misunderstood the exacting requirements of Rule 8C,” Choice Health argues that Devcon’s Rule 14(b) motion set forth only counsel’s mistake rather than good cause, and that the trial judge was thus required as a matter of law to deny the motion.
A Rule 14(b) motion is, however, addressed to the ‘broad discretion” of the motion judge. Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99; and the exercise of that discretion will be reversed on appeal only when it is “characterized by arbitrary determination, capricious disposition, whimsical thinking or idiosyncratic choice.” Lawrence Sav. Bk. v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). A reviewing court does not decide a Rule 14(b) motion de novo, substituting its judgment for that of the motion judge. Randall v. Rapoza, 2001 Mass. App. Div. 153, 154 and cases cited; Green v. Blue Cross and Blue Shield of Mass., Inc., 1996 Mass. App. Div. 165. Rather, the trial judge’s allowance of Dev-con’s motion for additional time must stand unless it is clear that such ruling amounted to “judicial action ‘that no conscientious judge, acting intelligently, could honestly have taken.’” Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 425 (2005), quoting Davis v. Boston Elen Ry., 235 Mass. 482, 502 (1920); Wojcik v. Boston Herald, Inc., 60 Mass. App. Ct. 510, 523 (2004).
We find no such abuse of discretion in the trial judge’s allowance of Devcon’s Rule 14(b) motion in the specific circumstances of this action. This is not a case in which the *95 appellant took no action of any kind after filing his notice of appeal, compare Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 333 (2002); Massachusetts Higher Educ. Assistance Corp. v. Dowd, 2002 Mass. App. Div. 161, 162; Healy v. Barnes, 1999 Mass. App. Div. 83, 85; delayed for an inordinate period of time before selecting or perfecting a method of appeal, compare Godfrey v. Woburn Foreign Motors, Inc., 2001 Mass. App. Div. 81, 83 (12-month delay in filing appeal on the record of proceedings); Borden v. Deep, 2000 Mass. App. Div. 122, 123 (5-month delay in designating tapes for transcription); or ultimately failed to seek Rule 14(b) relief to correct procedural errors. Compare Rothman v. Begley, 2000 Mass. App. Div. 280, 283; Georgantis v. Star Market Cos., supra at 78. Devcon timely filed a notice of appeal which referenced Rule 8C,[5] and thereafter proceeded promptly and diligently to take each sequential step required by Rule 8C to perfect that method of appeal. Those steps were outlined in the Rule 14(b) motion and supporting affidavit that were before the trial judge. Thus the judge may have properly considered that while Devcon had failed to file a specific document captioned “appeal on the record of proceedings” within 30 days of its notice of appeal, it had effectively satisfied the practical pmposes which a Rule 8C designation is intended to serve.[6] Finally, it is apparent from the record that the three-week delay between the time Devcon should have submitted a Rule 8C designation and the filing of its Rule 14(b) motion in no way prejudiced Choice Health, which did not even seek the legal representation required for the corporation’s opposition to this appeal until almost three months thereafter.
The plaintiff’s appeal is dismissed.
So ordered.

 Neither Devcon’s tape order, nor the eventual receipt of the cassette tapes ten weeks later, was docketed.

 “ [E] xcept for small claim matters, a corporation may not be represented in judicial proceedings by a corporate officer who is not an attorney licensed to practice law in the Commonwealth.” Brattman v. Secretary of Comm., 421 Mass. 508, 511 (1995), quoting Varney Enterp., Inc. v. WMF, Inc., 402 Mass. 79 (1988). Athough Choice Health commenced this action in small claims, the case was immediately transferred to the regular civil docket. Choice Health should have retained legal counsel at that point.

 An appeal to the Appellate Division is commenced by filing, pursuant to Dist./ Mun. Cts. RAD. A., Rules 3 and 4(a), “a notice of appeal and filing fee within ten days of the entry of judgment. Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49. The second step for the appellant is to select one of the three alternative methods of appeal set forth in Rule 8A (Expedited Appeal), Rule 8B (Agreed Statement) and Rule 8C (Appeal on the Record of Proceedings), and then prepare the record and otherwise perfect the appeal within the time period prescribed in the selected rule.” Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77.

 As did Choice Health in its motion to dismiss, Devcon’s Rule 8C reference incorrectly cited to the Massachusetts Rules of Appellate Procedure rather than the District/Municipal Court Rules for Appellate Division Appeal.
Choice Health incorrectly contends that an appellant may not designate its selection of a Rule 8C method of appeal in the text of its notice of appeal because Rule 8C(b) requires the filing of a separate document captioned “appeal on the record of proceedings” 30 days after the notice of appeal. The 30-day period is, however, an outside deadline only; and a separate document is needed purely as a practical matter because the notice of appeal has already been filed at that point Given the short, ten-day time period for a notice of appeal, most appellants have not finally decided on a method of appeal at that early procedural juncture. However, there is nothing in the Appellate Division Rules which prohibits a more industrious appellant, who knows that his appeal must be based on a transcript, from expediting his Rule 8C appeal by designating his selection of that method in his notice of appeal. Such designation in the notice of appeal would, of course, immediately trigger all of the time requirements imposed by Rule 8C.

 A timely Rule 8C designation not only provides notice to the appellee of the method of appeal selected, “but also triggers a timetable for the perfecting of such appeal, which includes short, fixed deadlines for such necessary steps as requesting trial cassette tapes and delivering such tapes to a transcriber.” Godfrey v. Woburn Foreign Motors, Inc., supra at 83. In Godfrey, the appellant argued that its failure to file a Rule 8C designation should be excused because the appellant “was at all times engaged in diligent efforts to perfect a de facto Rule 8C appeal.” It should be noted that the Appellate Division, Northern District rejected the appellants argument only because it was untrue. The Appellate Division stated: “[Tjhe record discloses no diligent efforts by the defendants. What is instead revealed is a pattern of inordinate, unjustified delay and persistent inattention to their own appeal....” Id. Godfrey is thus factually distinguishable from the instant case.