Brant, J.
Leonel Rocha (“Rocha”) brought this action to recover damages against Hanover Insurance Company (“Hanover”) for its alleged breach of contract and violations of G.L.c. 93A and G.L.c. 176D in withdrawing a $20,000.00 settlement offer in a motor vehicle tort case involving Rocha and Hanover’s insured.
At the beginning of the jury trial in this case, Rocha asked the judge to submit his c. 93A claim to the jury. Hanover requested that the judge retain the c. 93A claim herself. The judge elected to submit the c. 93A claim to the jury by means of special questions.
The jury found for Rocha on his breach of contract claim and awarded him $18,140.00 in contract damages. The jury answered three questions relative to Rocha’s c. 93A claim by finding that Hanover had committed an unfair or deceptive act or practice and that its statutory violation was knowing or wilful, but that Hanover’s unfair or deceptive conduct had caused no damage to Rocha.
On the basis of the jury’s answers to the submitted questions, the trial judge ordered judgment for Rocha on the breach of contract claim in the amount of $18,140.00, plus applicable costs and interest, and for Hanover on the c. 93A claim. After Rocha’s motion to amend the judgment was denied, he filed a notice of appeal and the required filing fee on July 12, 2006. Dist./Mun. Cts. R. A. D. A., Rule 4(a). *11 On July 13, 2006, Rocha ordered a cassette tape copy of the electronic recording of the trial. Seven months later, on February 14, 2007, the Peabody District Court clerk’s office notified the attorneys for both parties that the cassette tapes were finally available.
On March 19,2007, Hanover filed a motion to dismiss Rocha’s appeal for his failure to file the “appeal on the record of proceedings” document required by Dist./Mun. Cts. R. A. D. A-., Rule 8C(a), to designate his selection of a Rule 8C method of appeal. Rocha responded to Hanover’s dismissal motion by filing a Dist./Mun. Cts. R. A. D. A., Rule 14(b), motion to enlarge the time for filing his Rule 8C designation.
A judge other than the trial judge held a hearing on the motions and issued a written opinion allowing Rocha’s motion for enlargement of time and denying Hanover’s motion to dismiss the appeal. The judge found that Rocha’s counsel’s request for a cassette copy of the trial tape, his extended illness, and his conversations with Hanover’s attorney justified the delay in filing an “appeal on the record of proceedings” and had placed Hanover on notice that Rocha was proceeding under Rule 8C. Hanover appealed the denial of its motion to dismiss Rocha’s appeal.
1. With regard to Hanover’s appeal, we conclude that the judge acted appropriately in denying Hanover’s motion to dismiss Rocha’s appeal. It is true that a failure to file a Rule 8C “appeal on the record of proceedings” within 30 days of filing a notice of appeal “has been characterized as a ‘serious misstep’ for which the ‘presumptive’ penalty is appeal dismissal.” Choice Health, Douglas Inv. Group, Inc. v. Devcon Enters., Inc., 2006 Mass. App. Div. 93, 94, quoting Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. A party’s potentially fatal error in failing to file a timely “appeal on the record of proceedings” may be overcome if the court allows a Rule 14(b) motion to enlarge the time for filing the required Rule 8C designation. Signature Flight Support Corp. v. Global NAPs Realty, Inc., 2005 Mass. App. Div. 24, 27. “A Rule 14(b) motion must be predicated on ‘good cause,”’ Choice Health, supra at 94, which, in this context, is deemed “tantamount to ‘excusable neglect’ under Rule 4(c), which requires a showing of ‘unique or extraordinary’ circumstances beyond simple inadvertence or a garden-variety mistake as to the meaning of a statute or rule” (citations omitted). Paquette v. Premier Ins. Co., 2000 Mass. App. Div. 250, 251, quoting Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 95 n.18.
A 14(b) motion is addressed, however, to the broad discretion of the motion judge, and the Appellate Division will overturn the exercise of that judicial discretion only when “it is ‘characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.’” Choice Health, supra at 94, quoting Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). That was not the situation in this case. The judge noted that Rocha had filed a timely notice of appeal and a timely request for cassette tapes of the trial. Further, while Rocha did not act within 30 days to designate his Rule 8C method of appeal, the judge found that most of the actual delay ensuing after Rocha’s notice of appeal was attributable either to the seven months required by the clerk’s office to obtain the cassette tape ordered timely by Rocha, or to the extended illness of Rocha’s counsel. While the judge could have dismissed the appeal, her decision to grant an enlargement of time to permit Rocha’s appeal on the merits to go forward did not amount to an abuse of discretion. Id. at 94r95.
*12 2. In his appeal, Rocha argues that judgment should have been entered for him on his c. 93A claim because the jury found that Hanover had committed a knowing and wilful violation of that statute. Rocha alleged that Hanover’s failure to settle his claim for the $20,000.00 amount it had offered violated those provisions of G.L.c. 176D, §3(9) which require an insurance company to settle promptly viable insurance claims and, thus, constituted a G.L.c. 93A violation.
As noted, the judge elected to submit Rocha’s c. 93A claim to the jury at his request and over Hanover’s objection. That submission was a permissible option for a trial judge. “When a c. 93A claim is joined with one or more common law claims, the judge has three options: (1) letting the jury find the facts on all claims, (2) reserving to herself all aspects of the c. 93A claim, or (3) seeking a non-binding advisory opinion from the jury as to whether the defendant acted unfairly or deceptively.” Altschuler v. Lamond, 2006 Mass. App. Div. 141, 142. The jury responded to the three G.L.c. 93A questions submitted to it by the trial judge by finding that Hanover had committed unfair or deceptive acts that amounted to a knowing or wilful violation of G.Lc. 93A, but that Hanover’s conduct did not cause any damage to Rocha.
Rocha argues that the jury’s finding of a knowing or wilful violation of c. 93A by Hanover entitled him to judgment on his c. 93A claim and to at least minimal damages and attorney’s fees. He suggests that the jury’s finding of no causation should be treated as mere surplusage and ignored. However, the case law is clear that “causation is a required element of a successful G.L.c. 93A claim.” Aspinall v. Philip Morris Cos., Inc., 442 Mass. 381, 401 (2004). In the absence of a proven injury, there can be no recovery under c. 93A. Chapman v. Katz, 448 Mass. 519, 536-537 (2007); Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 797-800 (2006).
Since the jury found that Hanover’s actions caused no injury to Rocha, the trial judge correctly entered judgment for Hanover on Rocha’s G.L.c. 93A claim.
Affirmed. The parties’ appeals are dismissed.
So ordered.