Merrick, J.
The plaintiff, Lanmar Aviation, Inc. (“Lamar”), commenced separate actions against defendant Peter John Holske and defendant John Lincoln Holske for breach of written contracts. Both actions were tried to juries, which returned verdicts in favor of Lanmar in both cases. In both cases, a judgment was entered in favor of Lanmar on January 11, 2008.
The two actions were thereafter consolidated for purposes of the defendants’ Mass. R. Civ. P., Rule 59 joint motion for a new trial. The denial of that motion was entered on April 29, 2008. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 4(a), any notice of appeal in this case was required to have been filed within ten days after that ruling entry, that is, by May 9, 2008. T & S Wholesale, Inc. v. Kavlakian, 1998 Mass. App. Div. 99, 100. Executions on the judgments in both cases were issued on May 13, 2008. The defendants did not file in the trial court a notice of their consolidated appeal until May 15, 2008.
When the clerk returned the notice of appeal to the defendants’ counsel as untimely filed, counsel responded by filing a “Motion to Have Notices of Appeal Deemed Timely.” In a supporting affidavit, counsel asserted that he had erroneously believed that the time period for an appeal to the Appellate Division was 30 days rather than the mandated 10 days. The affidavit also stated that counsel had been involved in a case out of state for a portion of the 10-day appeal period. The motion was denied, and the defendants filed this appeal.
The defendants argue in their brief that the motion judge abused her discretion in denying what was effectively a motion to extend time to file a notice of appeal under Dist./Mun. Cts. R. A. D. A., Rule 4(c). “An abuse of such discretion could be found only where no conscientious judge, acting intelligently, could honestly have so ruled on the motion.” Miller v. Scannell, 1997 Mass. App. Div. 166, 168. Rule 4(c) pro *52 vides that “[u]pon a showing of excusable neglect or other good reason, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed ten days from the expiration of the time otherwise prescribed by this rule.”[2] The concept of excusable neglect does not embrace “[a] flat mistake of counsel about the meaning of a statute or rule,” Goldstein v. Barron, 382 Mass. 181, 186 (1980), or other “garden-variety oversightfsj.” Id., quoting Pasquale v. Finch, 418 F.2d 627, 630 (1st Cir. 1969).
We need not rule that, as a matter of law, defendants’ counsel’s ignorance of the correct appeal time did not constitute excusable neglect. It is sufficient to note that the judge’s denial of the motion was not an abuse of discretion. Counsel conceded as much in oral argument, but asserted that the motion judge’s failure to make findings of fact supporting her ruling was error. He relies entirely on dictum in a footnote in a 1980 Appeals Court decision to the effect that such findings are “desirable” and might be required “in the future.”[3] Twenty-nine years later, such a rule has yet to be announced, and will not be today.
The denial of the defendants’ “Motion to Have Notices of Appeal Deemed Timely” is affirmed.
So ordered.

 See also Dist./Mun. Cts. R. A. D. A., Rule 14(b), which permits the trial court or the Appellate Division to extend any time period, including the ten-day notice of appeal filing time, upon a showing of good cause by the movant. In this context, the “good cause” requirement would be deemed tantamount to the demonstration of “excusable neglect” required under Rule 4(c). Rocha v. Hanover Ins. Co., 2008 Mass. App. Div. 10, 11.

 “We think it desirable, and in the future we may require, that a judge who allows a motion to dismiss under rule 10(c) make an explicit finding of ‘excusable neglect’ and set forth the specific facts relied on by him in support of that conclusion.” Tammaro v. Colarusso, 11 Mass. App. Ct. 44, 47 n.7 (1980).