Brant, J.
This is an appeal by defendant OMLC, LLC (“OMLC”) of the allowance of the plaintiffs motion to dismiss OMLC’s appeal of the summary judgment entered against it in this commercial eviction action.
Plaintiff Mystic Landing, LLC (“Mystic Landing”) owned a thirty-five acre parcel of land situated partly in Everett and partly in Boston. The parties entered into an “Amended and Restated Purchase and Sale Agreement”’ for Mystic Landing’s sale of the entire parcel to OMLC for $8,500,000.00. The parties also executed a preclosing “Use and Occupancy Agreement,” which permitted OMLC to use a portion of the land, without paying rent, until the closing.
The closing, however, did not take place. Mystic Landing was unable to deliver title on the scheduled closing date because the city of Boston had recorded an instrument of taking for nonpayment of taxes for the Boston portion of the property. Mystic Landing thereafter commenced this commercial eviction action against OMLC. Based on the ultimate failure of the sale of the land and on the parties’ agreement that OMLC would vacate the property in the absence of a closing, Mystic Landing moved successfully for summary judgment. A judgment for possession in favor of Mystic Landing was entered on July 9,2009.
OMLC filed a timely notice of appeal of that judgment on July 15, 2009. While OMLC subsequently requested a cassette copy of the, presumably, nonevidentiary summary judgment hearing, it failed to take any required steps to perfect its appeal in compliance with the District/Municipal Courts Rules for Appellate Division Appeal. On October 27, 2009, Mystic Landing responded to OMLC’s inaction by filing a motion to dismiss OMLC’s appeal. On November 6, 2009, the trial court allowed the motion, correctly noting that OMLC had failed to comply with Dist./Mun. Cts. R. A. D. A., Rules 8A, 8B, or 8C to perfect its appeal. The motion judge also advised that OMLC should have filed a Rule 8A expedited appeal because no transcript was necessary on an appeal of the allowance of summary judgment.
On November 16, 2009, OMLC moved for reconsideration of the dismissal of its appeal, arguing, inter alia, that its efforts to obtain a transcript had been hampered by trial court clerk mistakes, that the motion judge erred in advising that it should have proceeded under Rule 8A, and that any failure to comply with the governing District/Municipal Courts Rules for Appellate Division Appeal was attributable to some unspecified and unexplained “excusable neglect” by predecessor counsel. OMLC also referenced its submission on November 5, 2009 of a Rule 8C appeal on *150 the record of proceedings, the filing time for which had expired three months earlier. The court denied the motion for reconsideration, but clarified its November 6, 2009 order by indicating, inter alia, that the appeal dismissal was based on OMLC’s failure to make a timely designation of a method of appeal under Rule 8A, Rule 8B, or Rule 8C.
1. There was no error in the motion judge’s statement that OMLC should have proceeded by way of a Rule 8A expedited appeal to obtain review of the summary judgment entered against it. First, it is clear, particularly from his subsequent clarification, that the judge did not dismiss OMLC’s appeal for failure to proceed under Rule 8A, but instead correctly dismissed the appeal for OMLC’s failure to designate and perfect any method of appeal under Rule 8A, Rule 8B, or Rule 8C. Second, the judge was correct that a Rule 8A expedited appeal is appropriate for the appeal of certain motions that present discrete issues of law and were decided on the parties’ documentary submissions without evidentiary hearings. See Commentary to Dist./Mun. Cts. R. A. D. A., Rule 8A (expedited appeal “is appropriate when the issues are limited in number and fairly clearly defined”); 15-17 Univ., LLC v. Lucas, 2006 Mass. App. Div. 50, 51. The allowance of summary judgment, customarily based solely on the pleadings, the Mass. R. Civ. P., Rule 56 motion, and supporting and opposing affidavits and written materials, is particularly suited for an expedited appeal pursuant to Rule 8A Soderlund v. Mosher, 2009 Mass. App. Div. 32, 33 n.5.
2. As noted, OMLC failed, in any event, to designate any appeal under Rule 8A Rule 8B, or Rule 8C. If intending to proceed under Rule 8C, OMLC would have been required to file an “appeal on the record of proceedings” within 30 days of its notice of appeal to inform the court and parties that it was proceeding under Rule 8C. Choice Health, Douglas Inv. Group, Inc. v. Devcon Enters., Inc., 2006 Mass. App. Div. 93, 94. Contrary to OMLC’s contentions, the failure to file a timely Rule 8C designation is a “‘serious misstep’ for which the ‘presumptive’ penalty is appeal dismissal.” Id, quoting Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. Thus, absent an appellant’s demonstration of extraordinary circumstances, there is generally no abuse of discretion, Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99, amounting to an error in a trial court’s dismissal of an appeal for noncompliance with Rule 8C (a). See Brandt v. Patience, 2008 Mass. App. Div. 251, 252.
The only remedy for OMLC’s procedural noncompliance was a Dist./Mun. Cts. R. A. D. A., Rule 14(b) motion for an extension of time to file its appeal on the record of proceedings, Signature Flight Support Corp. v. Global NAPS Realty, Inc., 2005 Mass. App. Div. 24, 27, a motion that rests within the judge’s discretion. Lashus v. Slater, 2009 Mass. App. Div. 89, 93.
The discretion accorded a trial court judge under Rule 14(b) to grant an extension of time to cure non-compliance with procedural requirements may be properly exercised only upon a showing of ‘good cause’ by the moving party. Marino v. Kandris, 1997 Mass. App. Div. 129, 130; Miller v. Kimmelman, 1997 Mass. App. Div. 135, 136.... [T]he requisite ‘good cause’ for Rule 14(b) relief is the functional equivalent of ‘excusable neglect,’ which contemplates ‘unique or extraordinary' circumstances transcending simple inadvertence or oversight, Tai v. Boston, 45 Mass. App. Ct. 220, 222 (1998), and which is intended ‘to take care of emergency situations only.’ Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000). *151 Absent ‘good cause,’ a Rule 14(b) enlargement of time is unavailable. The rules do not permit purely “routine” extensions of time ... and no party is automatically entitled to Rule 14(b) relief.’ Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 78....
Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 83. OMLC did not file a Rule 14(b) motion per se for leave to file late the appeal on the record of proceedings it finally submitted four months after judgment. OMLC filed only an opposition to Mystic Landing’s dismissal motion and a reconsideration motion. The single, con-clusory reference in the dismissal motion to prior counsel’s “excusable neglect” failed to demonstrate any extraordinary or compelling circumstances that would have excused OMLC’s failure to make a timely Rule 8C designation.[1]
OMLC’s remaining arguments simply ignore the excusable neglect standard applicable here, incorrectly suggesting that diligence and prejudice are the governing factors. OMLC mistakenly contends that its appeal should not be dismissed because it used diligent efforts to obtain a transcript of the Rule 56 motion hearing.[2] As noted, a transcript was unnecessary in this case, and OMLC’s pursuit of one was not an effective substitute for compliance with Rule 8C(a). See Godfrey, supra at 83. Second, OMLC’s assertion that its procedural mistakes and resulting delays did not prejudice Mystic Landing ignores Mystic Landing’s contentions in both its dismissal motion and opposition to reconsideration as to the increasing prejudice it suffered, as the owner of the property, in being denied access due to the OMLC’s continued possession and expanding use of the property after the trial court’s judgment against it. The intent underlying G.L.C. 239 is the expedited resolution of occupancy questions, see Qureshi v. Fiske Capital Mgmt, Inc., 59 Mass. App. Ct. 463, 469 (2003).
The dismissal of OMLC’s appeal is affirmed.
So ordered.

 The “excusable neglect” attributed to former counsel may have been simply an unfamiliarity with the procedural rules that govern an appeal to this Division. Certainly, there is an implied and peculiar erroneous argument in OMLC’s opposition to Mystic Landing’s motion that summary process appeals to the Appellate Division are not governed by the Dist./Mun. Cts. R. A D. A. It is established that “excusable neglect” requires considerably more than a simple mistake about the meaning or requirements of a statute or rule. Lanmar Aviation, Inc. v. Holske, 2009 Mass. App. Div. 51, 52; Lucas v. Leblanc, 2004 Mass. App. Div. 139, 141.

 Although not dispositive, the fact is that what OMLC characterizes as its own diligent efforts to obtain an unnecessary transcript of a mere motion hearing had not borne fruit more than four months after judgment. The record indicates that OMLC filed a request for a cassette copy of the motion hearing on August 14, 2009. On September 9, 2009, OMLC misdirected a letter to the trial court’s criminal department complaining that the court had provided the wrong cassette. At the time of its opposition to Mystic Landing’s dismissal motion, OMLC claimed that the correct tape had finally been produced and that a transcript would be ready by November 9, 2010. Despite that statement, OMLC indicated in its reconsideration motion of November 6, 2010 that the trial court had not provided the correct tape, and that OMLC would obtain the correct cassette tape and then deliver it to a transcriber.