Coven, J.
This is an appeal by defendant OMLC, LLC (“OMLC”) of the allowance of the plaintiff’s motion to correct a clerical error in the judgment, that is, an improper identification of the premises from which the plaintiff sought to evict the defendant. There was no error.
Plaintiff Mystic Landing LLC (“Mystic”) owned a thirty-five acre parcel of undeveloped land located partly in Boston and partly in Everett. Mystic and OMLC entered into a purchase and sale agreement and a preclosing use and occupancy agreement, which permitted OMLC to use a portion of the land, without paying rent, until the closing. The scheduled closing did not take place, and Mystic filed this summary process action. The summons and complaint listed 85-87 Boston Street, Everett, MA as the premises being unlawfully occupied. This address was actually the address of an affiliated entity of OMLC. The summons and complaint did, however, reference the notice to quit served on OMLC, which itself referenced the use and occupancy agreement entered into by Mystic and OMLC. The property identified in the notice to quit was listed as Land on Route 99 and 1 Horizon Way, Everett and Boston.
Mystic filed a motion for summary judgment that correctly identified the property at issue. In opposition to the motion, OMLC acknowledged that Mystic was seeking to regain possession of the thirty-five acre parcel. It also raised, as an issue the fact, however, that the summons and complaint identified with particularity the address of 85-87 Boston Street, Everett, MA as the property from which Mystic sought to evict OMLC.[1] Mystic’s Mass. R. Civ. R, Rule 56, motion was allowed, and judgment for possession of 85-87 Boston Street, Everett, MA was entered for Mystic on July 9, 2009.
OMLC appealed on a number of procedural and substantive challenges to the allowance of summary judgment for Mystic, including the claim that there were genuine issues of material fact as to OMLC’s right to retain possession of the thirty-five *197 acre parcel. OMLC did not raise, however, any issue in its notice of appeal relative to the description of the property. The appeal was dismissed on procedural grounds, and OMLC’s motion for reconsideration of the dismissal was denied. OMLC filed a timely appeal of both the dismissal and reconsideration rulings, which was transmitted to this Division by the trial court in January, 2010.
On February 3, 2010, Mystic filed a motion pursuant to Mass. R. Civ. R, Rule 60 (a), to correct as a clerical mistake the description of the property in the judgment entered by the trial court.[2] A second motion judge allowed Mystic’s motion to correct on March 2, 2010.[3] OMLC’s appeal of that ruling is now before us. OMLC did not seek a stay of its prior appeal, or a consolidation of this appeal with its first appeal. The first appeal was heard on April 23, 2010, and the rulings were affirmed by this Division on June 29, 2010. Mystic Landing LLC v. OMLC, LLC, 2010 Mass. App. Div. 150.
OMLC could have sought to consolidate its appeal of the allowance of Mystic’s Rule 60(a) motion to correct with the issues raised in its first appeal, or, alternatively, sought a stay of the first appeal. Our reference in Mystic Landing LLC to the thirty-five acre parcel and to the use and occupancy agreement indicated the identity of the property at issue, and should have suggested the propriety of a motion to correct the judgment to cover the property both parlies understood to be the basis of this action. Our dismissal of OMLC’s first appeal effectively rendered the corrected judgment final.
In any event, it is clear that there was no error in the allowance of Mystic’s Rule 60(a) motion. The Reporter’s Notes to Mass. R. Civ. P., Rule 60 explain that “Rule 60 encompasses two basic situations: (a) the correction of mere clerical mistakes in the judgment or other part of the record, and (b) substantive relief from a final judgment.” See Chavoor v. Lewis, 383 Mass. 801, 803 (1981). Analysis of a Rule 60(a) motion involves “(1) determining whether the judgment reflects the intent of the court at the time it was entered; and (2) determining whether the relief requested is essentially ‘clerical’ in nature rather than ‘substantive’ in nature.” Gagnon v. Fontaine, 36 Mass. App. Ct. 393, 396 (1994). The allowance of a motion for relief under Rule 60(a) should not be disturbed on appeal except upon a showing of clear abuse of discretion. R. W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 79 (2001). The Rule grants broad discretion to the trial court to correct clerical errors caused by mistake, oversight, or omission that resulted in the failure of judg *198 ment to reflect what was intended at the time of the ruling. Gagnon, supra at 396-397.
It is clear from the record that summary judgment was entered for Mystic for possession of the land referred to in the notice to quit and about which the parties had contracted. Mystic’s summary judgment motion properly identified the land at issue between the parties. Although OMLC complained in its Rule 56 opposition about the mistaken reference in the summary process summons and complaint, OMLC effectively acknowledged, through its manager’s counteraffidavit, that Mystic was seeking to evict it from the Everett-Boston property. The allowance of Mystic’s Rule 56 motion cannot be rationally or reasonably construed as a decision by the trial court for Mystic to take possession of property in which it never held an interest, and about which its only assertion of an interest was by way of a clerical mistake in the drafting of the summons and complaint. The intent and understanding of the trial court and both parties at all times were clear, and the allowance of Mystic’s motion effectuated that intent by correcting a clerical mistake in the judgment.
The allowance of the plaintiff’s Rule 60(a) motion to correct the trial court’s judgment is affirmed.
So ordered.

 OMLC also filed a motion to dismiss the summary process action on the ground that the property explicitly listed on the summons and complaint identifies its corporate offices in which Mystic never held an interest. The motion was docketed on June 16, 2009, but was never scheduled for a hearing and no action was ever taken on it.

 Rule 60(a) of the Mass. R. Civ. P. provides: “(a) Clerical Mistake. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.”

 Mystic mistakenly filed a motion to correct the error in this Division. By Decision & Order of January 28,2010, we denied the motion on the ground that any correction in the trial court’s judgment should be made by the trial court, and directed Mystic to file its Rule 60(a) motion in the trial court.